Jambs and Eleanor Hill declared against Benja. min M’Coy and William Shoots, in covenant, on a writing not sealed, under the act of assembly which gives such action, to the following effect:
“ Know all men by these presents, that Eleanor Hdi and James Hill, of the one part, and William Snouts and Benjamin M’Coy, of the other part, agree that the said E. Hill and James Hill have sold to Shoom ant! M’Coy, a mill site, with some works on it, for the term of four years from the first day of next June, for the sum of two hundred and fifty dollars, to he paid in four different instalments, from the first day o June next; a id that said Hills are to find all timber sufficient ib' repair, and free intercourse of all wa-.s to the said mill; and that possession of said mi l site be given immediately. And it is to he under c.ood, that the first payment is to he made on the first day of June next; and that at the expiration of the term aboye mentioned, the mill is to be left in good *373 sawing repair. Given under our bands this 6th day of November 1816.
(Signed) JAMES HILL,
ELEANOR HILL,
BENJAMIN M’COY,
WILLIAM SHOOTS.”
The declaration recites the writing, substantially, according to its tenor, and then avers that “ by virtue of said lease, on the day and date thereof, the said defendants entered into and upon all and singular the premises, with the appurtenances, and became and ■was thereof possessed, according to the agreement; and although said plaintiffs have always, from the time of making the said writing hitherto, well and truly performed and kept all things in the said writing contained, on their part and behalf to be performed, fulfilled and kept, according to the tenor and effect, true intent and meaning of the said writing; yet protesting that said defendants had” performed any thing on their part to be performed, they, “the plaintiffs, say, that after the making of said writing, and during the term thereby granted, to wit, on the first day of June 1818, a large sum of money, to wit, —— dollars of the rent aforesaid, for two years of the time then elapsed, being the two first instalments due by the writing aforesaid, became and was due and payable, and still remains in arrear and unpaid to the said plaintiffs, contrary to the tenor and effect, true intent and meaning of said writing so made as aforesaid.” Then follows the common conclusion, that the defendants had not kept, but broken their covenant.
The defendants below appeared and filed several pleas, none of which need be noticed, except the fourth and fifth, which were held invalid, on the demurrer of the plaintiffs, as well as some others ; but errors are assigned touching the fourth and fifth only.
The fourth plea is to the following effect, after craving oyer of the lease; “ That the action ought not to be sustained ; because, they say. that a conversation was had by and between the plaintiffs and these defendants, of and concerning a lease from the plaintiffs to the defendants, for a number of years, of a mill, site in the county aforesaid, and an agreement thereupon made between them, as to time and terms; that an agreement was then and there put down in writing. *374 signed by the parties, which is the same upon which the present suit is founded. It was then and there further agreed between the parties, that thesaid writing should be delivered into the hands of---, or some other person to be thereafter chosen by the parties ; and thereupon, after writing and signing said agreement or writing, the plaintiffs, or one of them, declared that they would not be bound thereby, alleging that the agreement was not truly reduced to writing ; and the said defendants say, that the writing declared on was not delivered to the plaintiffs, or any other person. for them, and therefore is not their deed.”
If one breach is well as signed in a declaration in covenant, the declaration cannot be adjudged ill on general demurrer.
The fifth plea is pleaded by Shoots, one of the defendants only, and is to the following effect: “ The said Shoots says, the plaintiffs ought not to sustain their action; because, he says, after the writing, signing and sealing the said agreement in the declaration men. tioned, the same came to the hands of his co-defenijant, who, without any authority from this defendant, delivered the same to the said plaintiffs ; and so the said defendant savs the same is not his deed.”
2. It is contended that the declaration is not good, and therefore the demurrer ought not to be sustained. It is true, the declaration does not exhibit great legal skill, and is inartificially drawn$ but, we conceive, to give it a liberal construction, it sufficiently recites the covenant, and alleges á breach which shows, substantially, that two instalments were not paid. It is true, some difficulty preseuts itself, as to when the second instalment became due. The writing declares the money tobe payable in four different instalments, without saying that they were equal or annual; but to make them unequal would be perfectly arbitrary, and there would be no rule by which the amount of each could be ascertained. The same remark holds good with respect to time. The first is certain, and as the lease is for four years, at the commencement of each year, it may be inferred, the parties intended, the money to become due j especially, as each instalment is a species of rent; and therefore, in the absence of expressions fixing the amount of each, as the whole amount is told, it is fair to presume that, the parties intended an annual equal sum for each year. Rut if this construction of the instrument should not be cog-. *375 réct, it is clear that the first instalment was due, and for that the plaintiff had a good cause of action, and the breach was good to that amount; and it is a well settled rule in such actions, that if there be one good breach; the declaration cannot be held ill on demurrer.
In. an action of covenant on an unsealed v, riling, pleading * that the writi'.g declared on was not delivered to the plaintiffs or any otherj person for them,’ it is not a denial of the delivery, sufficiently certain.
To render a deed or other instrument passing by delivery valid, no formal delivery is necessary.
A plea denying delivery, ought to state the facts so certainly and positively, that no other conclusion could be drawn than., that there was no legsil delivery.
3. As to the fourth plea of both defendants, wé pay no attention to that chain of facts which aré related in all its preceding part. They rather tend to show that the writing was executed in a valid manner. The last clause, which reads thus : “ And the defendants say¿ that the writing declared on was not delivered to the plaintiffs, or any other person for them,” is all that can be treated as furnishing any thing like the substance of a plea, and to this our attention will be turned. Before our act of assembly, which raised such writings to the grade of sealed instruments, it is cleat* such instruments did not require a delivery, technically so called. The main inquiry as to such writings, was, was such an agreement made ? Whether such writings must now be delivered before they are valid, or are good to sustain covenant with their old requisites, is a curious question, not without some difficulty. But we do not conceive it necessary to decide it now j for, admitting a delivery necessary, we do not conceive the plea sufficient to put that matter in issue. A plea which amounts to a non est factum, by infer, ence, ought to be held to considerable strictness ; and the facts set out, ought to be alleged so certainly and positively, that no other conclusion could be drawn from them. It is a settled rule, that a delivery in form is not necessary; but if such acts are done after sealing the instrument, from which an intention to deliver may be inferred, it has been held sufficient. This intention to deliver, must always be sought for in the acts of him who is to deliver, and not of him who is to receive the instrument, unless he actually refuses it. For instance, A. and B. may make an agreement, which, on the part of A. is to be put in the 'form of a deed. He may sign and seal it, and leave it in some place for B’s reception, and B. takes it. Here is no deliv. ery in form ; yet no reasonable doubt could be entertained, that the delivery would be sufficient So, in the present case, the defendants below do not attempt, by their plea, to gainsay or deny but that they themselves did, and actually intended to do every act ne. *376 eessary to constitute a valid delivery on their parir They do not allege that the plaintiffs refused ; but barely that it was not delivered to them, or any person, in form, for them. The plea ought to have denied that, they made sucli delivery, to make it valid. The court below, therefore, did right in overruling it.
A covenant on the part ísawmUi to furnish ' timber and roads during cannoTbe considered in the nature °recedentl<W and, thrrefore, can be no bar to his rent.TCrni°
The same reasons destroy the fifth plea. It is, indeed, more exceptionable than the fourth. Every thing might have been done, necessary to the validity of the instrument, before; but afterwards, the instrument came to the hands of the other defendant, who, without authority, permitted the plaintiff to get hold of it. From this the party who pleads it, would infer a non est factum, without denying a delivery or intention to deliver on his part. This plea was, therefore, properly overruled.
On the trial of the cause, the counsel for the defendants below, moved the court to instruct the jury, that if they could not find, from the evidence, that the plaintiffs furnished all necessary timbers for the repair of the mill in the plaintiffs’ declaration mentioned, and opened one or more ways to said place where the mill was situated, then they must find for the defendants. The court refused the instruction, and the defendants excepted, and now assign this refusal for error.
4. There was a plea in this cause, which treated this covenant as one with precedent conditions to be performed first on the part of the plaintiffs below, and denied that the plaintiffs had done all on their part, which they had covenanted to do. But, admitting that there is a precedent condition to be performed on the part of the plaintiffs, it cannot go beyond the de~ livery of possession ; and it is evident that the furnish, ing of timber and roads were only acts to be performed during the enjoyment of that possession. For defalcations in this respect, the plaintiffs may be subject to an action ; but it cannot be seriously contended, that for a failure in one necessary stick of timber, or an inconsiderable road, they ought to lose the whole rent. If they had given possession, it was a sufficient performance on their part, to entitle them to their action ; and the defendants ought to, be left to their redress for these other stipulations. Besides', if it was evident that a failure in these respects would destroy *377 the title to rent, we should not feel ourselves at liberty to reverse the judgment.
Where a motion is made in arrest of judgment, the grounds on which it was made, must be assigned of record in the inferior court, and appear in the transcript of the record which is sent to the court of appeals 5 and if it does not, the court of appeals cannot adjudicate on them.
T here is nothing in the exception, but the bare asking and refusing the instruction, without showing on what state of evidence it was refused. The instruction ought to be applicable to the proof, and not based on an abstract or supposed case. A court may be asked to deliver to the jury an instruction which may be sound and applicable to the issue, but the state of evidence may be such as ought to cause the court to refuse it. It is necessary for him who contends that a court has erred, to show enough in his exception to prove the error; otherwise, in the absence of all statements or details of the testimony, when the court below is asked to instruct upon the evidence, this court will presume that court did right in the decision giv. en.
5. There was a motion made to arrest the judgment, and overruled; and this is assigned' for error. This assignment leads us to examine what grounds were as. signed for this motion in the court below; and the clerk certifies that there are none. Whether this has arisen from the loose practice, too often indulged in the inferior courts, to the frequent embarrassment ol this court, of permitting arguments on such motions or demurrers, ore ienus, with the understanding that they are to be filed and made out afterwards; or whether the clerk did not enter on record, but has lost the paper, the consequences are precisely the same. This assignment of error points us to no error, or sup. posed error in the record ; and we are not at liberty, under the settled practice of this court, to search them out, and relieve the party, for causes of which he does not c.ivmnlain.
The judgment must, therefore, be affirmed with costs and damages.