the Chief Justice delivered the judgment of the court in this cause.
 

 McKean, Chief Justice.
 

 This is an action of debt upon an arbitration bond; the defendant prayed
 
 oyer
 
 of the obligation and condition; the condition was to submit to the award of five persons, concerning “ the exchange of a number of loan-office certificates, and of, upon and concerning an action of slander now depending between the said parties,” and also of all other matters, differences and demands, &c. The defendant thereupon pleaded, that the arbitrators made no award. The plaintiffs replied, and set forth an award, whereby (among other things) the arbitrators did award and order,
 
 “
 
 that in consideration of the loss sustained by the exchange of certificates between John Grier, deceased, and the said Joseph Grier, senior, the said Joseph Grier pay to the executors of the said John Grier, the sum of one hundred and seventy-five pounds ;” and then the plaintiffs aver, that they are the executors of the testament and last will of the said John Grier, deceased, in the said award mentioned and intended, and that to them the said sum of I75i. by the said writing of award was ordered to be paid by the said Joseph Grier, senior. To which the defendant demurred, and the plaintiffs joined in demurrer.
 

 The exception taken to this award is, that the 175Í. were ordered to be paid by the defendant to the executors of John Grier, *deceased, who are
 
 strangers,
 
 and that an award cannot be holden by an averment, but must be expounded by itself and nothing
 
 dehors.
 
 In support of which, the defendant’s counsel cited, 1 Bacon’s Abr. 139; Hob. 49; Carth. 157; Godbolt 13; Dyer 242; 1 Ld. Raym. 123; 1 Bac. Abr. 141, and Law of Arbitrators 119.
 

 
 *179
 
 For the
 
 plaintiffs,
 
 it was argued by their counsel: 1st. That it appears sufficiently on the face of the award, that the plaintiffs are the executors of John Grier, by a fair and probable presumption. 2d. That an averment may be of anything not inconsistent with the award. 3d. That the executors of John Grier, deceased, are persons certain and known. And lastly, that if the executors were
 
 strangers, yet the
 
 .award is good; for the defendant ought to have rejoined, that the executors were strangers. For which positions were cited, 1 Burr. 277; 1 Bacon Abr. 135, 139, 141, 145, 147; 1 Ld. Raym. 612, 246, 533; Cro. Jac. 200, 354; Cro. Eliz. 858; 8 Co. 98; 3 Vin. Abr. 121; Comyns 329; Carth. 136; 1 Leon. 316; 3 Ibid. 62.
 

 It may not be amiss to observe, that the rules established in England, before the revolution, respecting the construction of awards, have been more liberal and favorable than formerly; that many of the nice distinctions to be met with in our law-books, are by no means to be admitted as precedents in expounding awards, at this day; and that, as arbitrators are judges of the parties’ own choosing, for the furtherance of justice, and quieting of controversies, the courts have of late construed their awards with great latitude, and according to their intention, appearing from the words of the whole.
 
 (a)
 
 1 Burr. 277; 1 Bacon Abr. 139.
 

 However, two of the essentials in awards, are, that they should be certain and final. By the condition of the bond, in this case, it appears, that a particular controversy between the parties was “ about the exchange of a number of loan-office certificates,” and, by the award, the defendant is ordered to pay to the executors of John Grier, deceased, 1751, in consideration of the loss sustained by the exchange of certificates between the said John Grier and him. From these, it may be collected, that the meaning of the arbitrators seems to be, that a
 
 loss
 
 had been sustained by the exchange of certain loan-office certificates between a certain John Grier, deceased, and the defendants, that this loss affected the jtlaintiffs in some way or other, because it was made an express article in the submission, and that the payment of the money to the executors of John Grier, should determine the controversy on this account. John Grier, deceased, has executors ; who they are may be easily ascertained ; as easily as the costs of an action, or the charges of a Voyage ; which have been adjudged to be good awards, because they can be reduced to a certainty.
 
 Beale
 
 v.
 
 Beale,
 
 Cro. Car. 383; and 1 Roll. Abr. 251. So that this award appears to be certain enough. Besides, if the executors arc considered as
 
 strangers,
 
 yet, by the better authorities, an award to pay money to them shall be intended for the benefit of the plaintiffs, and that they, being the submittants, were either the *executors, or authorized by them, unless the contrary appear. 1 [*175 Salk. 74; 3 Leon. 62.
 

 With respect to the observation, that an award is to be interpreted by its own words, and not by any matter our, of it, it is law ; but when the words of an award have relation to things certain, out of the award, these things may be averred.
 
 (b)
 
 1 Roll. Abr. 264; s. c. Stiles 565. And therefore, as the executors of John Grier, deceased, are persons certain, we think,
 
 *180
 
 that it may be averred, who they are by name, as has been done by the replication in the present case, were such averment necessary ; for it is only explaining more particularly what was contained in the award itself.
 

 Upon the whole, the court is of opinion, that the award in this case is good. Let judgment be entered for the plaintiffs.
 

 (a)
 

 Innes
 
 v.
 
 Miller,
 
 post,
 
 p. 188; Kunckle v. Kunckle,
 
 post,
 
 p. 364; Gonsales v. Deavens, 2 Yeates 539.
 

 (b)
 

 Kingston
 
 v.
 
 Kincaid, 1 W. C. C. 448. See Lynn v. Rysberg, 2 Dall. 180.