NEW-YORK,
May, 1829.

Efner
v.
Shaw.

## EFNER vs. SHAW.

ERROR from the Erie common pleas. Shaw sued Efner in the common pleas, and declared against him on a written instrument signed by both parties, whereby they agreed that J. B. Stone and J. B. Hicks should appraise the joiner's and carpenter's work on a brick building lately erected by the plaintiff for the defendant; that the appraisers should make a statement of the value of the work according to the usual prices paid in the country for such work, and that the parties would abide their decision. On the trial of the cause, the plaintiff proved that an appraisement was accordingly made, and produced a statement or bill of particular items made by the appraisers of the value of the work, amounting in the whole to $884,03. The defendant objected to the introduction of this bill on the ground that a copy of it had not been served upon him. The objection was overruled. One of the appraisers testified that the defendant had notice of the amount at which the work had been appraised ; that he then complained that a detailed statement had not been made of the particular items of work and the prices of each ; that afterwards such statement was made and delivered to the plaintiff, but not to the defendant, nor had he subsequently any notice of the same from the appraisers. The plaintiff admitted the receipt of $721,79, and claimed the balance.

The defendant then offered to prove that the object of the submission was only to determine whether the work which had been done on the building, variant from the original plan, was worth more or less than the price originally agreed on between the parties ; which he offered to shew was $656. This evidence was objected to and rejected.

*A promise to pay will be implied from an agreement of parties to abide by the decision of individuals named between them to appraise the value of certain work and services done and performed by one party for the other.*

*Where arbitrators, in an appraisement of the value of work done, were directed by the submission "to make a statement of the value of the work according to the usual prices paid in the country for such work," it was held that such direction only prescribed a rule by which the labor was to be valued ; that it formed no part of the award to be made by them, and consequently that it was unnecessary that a copy of such statement should be served on the de-*

fendant previous to suit brought.

Evidence varying the terms of a written submission is inadmissible. So also evidence of *mistakes* in an award by arbitrators cannot be shewn in a court of law.

A promise by a party in whose favor an award is made to correct any mistakes which may have been made by the arbitrators, is void for want of consideration. At all events, a defendant cannot avail himself of such defence in an action on the award.

The defendant proved, that after the appraisement, the plaintiff agreed to correct all errors and mistakes which had been made in the same, and offered to prove several important mistakes made by the appraisers in the admeasurement of the work and the prices allowed for it. This evidence was objected to and rejected by the court, unless the defendant would shew that the plaintiff was present when the mistakes were ascertained. The jury, under the direction of the court, found a verdict for the amount claimed by the plaintiff, on which judgment was rendered.

*M. T. Reynolds,* for plaintiff in error. The award was not made in pursuance of the submission. The appraisers were required to make a statement of the value of the work, according to the usual prices paid in the country. They made their award without doing so, and the statement made by them subsequently was a nullity ; even this was not delivered to the defendant, who was entitled to notice before suit brought. (*Kyd on Awards,* 115, 16.)

The evidence as to the object of the submission ought to have been received. The intention of the parties was barely to ascertain the value of the work by the estimate of the appraisers, not to constitute them a tribunal to determine the rights of the parties. The estimate made, gave no right of action. There was no promise to pay, either express or implied. (8 *Johns. R.* 193. 1 *Phil. Ev.* 496. 1 *Comyn on Contr.* 25. *Kyd,* 139. 6 *Johns. R.* 39. 16 *id.* 227.)

*J. A. Spencer,* for defendant. The defendant was not entitled to a copy of the statement on which the estimate of the appraisers was made. The submission only required that the appraisers should proceed in that mode to ascertain the value of the work, with which requisition they complied. All the defendant could ask was notice of the amount, and that he had. A promise to pay whatever the work should be appraised at, necessarily must be implied from the submission.

The evidence offered to shew the intent of the parties was inadmissible. (9 *Johns. R.* 38.)

The agreement to correct mistakes was *nudum factum.* It was not obligatory, because not mutual. (12 *Johns. R.* 397.)

If obligatory, the errors or mistakes could not be shewn, because investigated on an *ex parte* examination. If mistakes existed in fact, they could not be shewn by way of set-off, being an unliquidated demand. The remedy of the party was by a cross-action, or by bill in equity. (3 *Johns. R.* 368. 2 *Johns. C. R.* 551. 7 *Cowen*, 185. 2 *Starkie's Ev.* 137.)

*By the Court*, SUTHERLAND, J. A promise to pay the amount at which the arbitrators should estimate the labor and services performed by the plaintiff below upon the house mentioned in the submission, is implied in the agreement of the parties contained in the submission, *to abide by the decision of the arbitrators.* The submission admits that the defendant ought to pay what the labor was worth, and leaves nothing to be done by the arbitrators but to determine the value of such work. If the work was originally performed under a special contract fixing the price, it might be questionable whether the plaintiff could, after the submission, sustain an action on the original agreement; and if not, he would have no remedy except in an action like this upon the award. But admitting the plaintiff might have brought an action for work and labor, and have given the award in evidence, it does not follow that he could not sue on the award itself. The submission being special, to ascertain the value of the work, the defendant had a right (and was permitted by the court) to set off any claim or demand which he could prove against the plaintiff; and it is a mere matter of form, whether the action be put in one shape or the other. If the defendant could show that he had already paid more than the arbitrators said the work was worth, no recovery could be had against him.

The evidence offered by the defendant, and rejected by the court, was properly excluded. A part of it went directly to vary the terms of the written submission, which was clearly inadmissible, (9 *Johns. R.* 38;) another portion of it, to show that the arbitrators had made mistakes in their award, not that they had been guilty of partiality or corruption, all the cases decide cannot be done at law. (3 *Johns. R.* 736. 3 *Caines*, 166. 2 *Johns. R.* 62. 9 *Johns. R.* 212. 2 *Johns. C. R.* 557. 7 *Cowen*, 185.)

NEW-YORK,
May, 1829.

The promise of the plaintiff to correct any mistakes which the arbitrators might have made, was without consideration. He did not admit that there were any mistakes. It was a mere voluntary engagement on his part to correct any error of the arbitrators ; that is, if he could be satisfied they had erred in any particular, he would rectify it. He did not intend that the award should be abandoned, and the whole case re-examined. At all events, the defendant could not avail himself of it by way of set off or defence in this action.

The only point in relation to which I entertain any doubt is, whether the bill of particulars or items of the work, and their prices as found by the arbitrators, should have been served upon the defendant, or at least notice thereof given to him before suit brought. But, on the whole, I am inclined to think it was not necessary. He had notice of the aggregate amount, which I think was sufficient. By the submission, the arbitrators *were to make a statement of the value of the work, according to the usual prices paid in the country.* This merely prescribes the rule by which the labor was to be valued, (the usual price paid in the country,) but the aggregate amount is the award, and of that the defendant had notice. (*Kyd on Awards,* 115.)

Judgment affirmed.