Townsend v. Fisher.

*Martin & Smiths,* for the respondent.

---

## WILLIAM B. TOWNSEND *v.* EDWARD C. FISHER.

F. applied to S. for certain rooms and board. Negotiations were entered into between them, which finally resulted in F.'s taking the rooms and paying $10 to bind the bargain, S. giving a receipt therefor in these words: " Received from —— —— ten dollars, which amount secures him board for self and lady, and is to be applied on the first week's board; to be forfeited if not taken." Prior to giving this receipt, S. had made no agreement to reserve the rooms for F. *Held,*

I. That the receipt constituted a contract in writing, merging all prior parol negotiations, and was not liable to be varied by parol.

II. That any prior agreement, made by F., to take the rooms, was void for want of mutuality, under the familiar rule of law that an agreement consisting of mutual promises must be binding upon both parties to it, or it will bind neither.

III. That the sum of $10 was, by the receipt, agreed upon as in the nature of liquidated damages, and was the extent of F.'s liability upon his failure to take the rooms according to agreement.

APPEAL, by defendant, from a judgment of the Marine Court at general term. The action was brought by the plaintiff, as assignee of Catherine Sturtevant, to recover $305.10 alleged to be due her for board. Mrs. Sturtevant kept a boarding house

on Staten Island. On July 3d, 1856, the defendant applied to her for board for himself and wife, and family—in all, six persons. He looked at the rooms, and said he wished one changed so as to bring the three rooms which he would occupy together. The negotiations were carried on between him, and the daughter of the assignor, Miss Mary E. Sturtevant. On the 5th of July following, Miss Sturtevant called at Mr. Fisher's store, and told him that the rooms were ready for his occupation, asked him if he had concluded to take them, and requested $10 for the purpose of securing the rooms, and to bind the bargain. He gave her $10, and she then gave the following receipt:

" NEW YORK, July 5th, 1856.
Received, from Mr. E. C. Fisher, ten dollars, which amount secures him board for self and lady, and is to be applied on the first week's board; to be forfeited if not taken.
" $10.                          MRS. C. STURTEVANT."

This receipt was put in evidence upon the trial, and marked Exhibit No. 2.

The defendant never occupied the rooms, and the plaintiff brought this action to recover for nine weeks' board, at the rate of $35 per week. Judgment was given for the plaintiff for $147.50, the amount of the room rent, deducting the board; which was affirmed at general term. The defendant appealed.

*Clark & Cornwall*, for the appellant.

I. Exhibit No. 2 is not only a receipt, but also a contract; and, when a receipt is in the nature of a contract, it is, so far, within the general rule that contracts in writing cannot be varied or explained by parol testimony. 1 Cow. & Hill's Notes on Ph. Ev., 216 and 217; 2 Id., 1439; *Smith* v. *Brown*, 3 Hawks' (N. C.) Rep. 580; *May* v. *Babcock*, 4 Ham. Ohio R. 334; *Querry* v. *White*, 1 Bibb's (Ky.) Rep. 371; *Raymond* v. *Roberts*, 2 Aik. (Vt.) Rep. 204; *Stone* v. *Vance*, 6 Ham. (O.) Rep. 246; *Benjamin* v. *Sinclair*,

1 Bail. (S. C.) Rep. 174; *Cherry* v. *Holly*, 14 Wend. 26; *Barber* v. *Brace*, 3 Conn. Rep. 9.

II. The object of the paper, Exhibit No. 2, and of the payment of the $10 by the defendant, was to settle the terms of the contract, to secure Mrs. Sturtevant against loss in case the board was not taken, and to fix and limit the liability of the defendant. The same view is supported by the other evidence. (*a*) The fact that Miss Sturtevant called on the defendant on the 5th July, shows that the arrangement was left unfinished on the 3d. (*b*) Also the fact that she wanted a payment of $10 to "bind the bargain," as she says. But Miss Sturtevant incidentally reveals her real object in asking for the payment: "I stated that parties had engaged these rooms before, and not taken them." (*c*) The same facts are more fully established by the evidence that "She asked Mr. Fisher if he had concluded to come down and take the rooms," and asked him "for an advance of money for the purpose of securing the rooms." (*d*) But, in any event, there was no valid agreement made until Exhibit No. 2 was given, as the amount was over $50, and a verbal arrangement would come within the statute of frauds.

III. The written contract was the consummation of all previous arrangements in relation to the board, and, for the mutual interest, and to the mutual satisfaction of the parties, fixed and liquidated the damages for failure to take the rooms; and all testimony in relation to previous conversations, or going to vary the terms of the contract, should have been stricken out.

IV. The plaintiff should have been non-suited because Exhibit. No. 2 conclusively shows, not only that the damages for not taking the board were fixed and liquidated, but also that they were paid, and the plaintiff had no cause of action.

V. The verdict should have been for the defendant, because the only proof of any contract that the court could consider was Exhibit No. 2, which did not fix any liability upon the defendant, but, on the contrary, showed conclusively that he had paid the damages as fixed by the parties. A verdict for the plaintiff was error—being without proof to sustain it.

VOL. II.                    4

VI. There was no proof before the court that Mrs. Sturtevant sustained any damage by the neglect of the defendant to take the board. It may have been an advantage to her. The court cannot assume that she suffered damage. Much less can it fix the damage at a considerable amount without any proof whatever. There being no proof to sustain the damages as found, or at any sum, the verdict would be error, even if Exhibit No. 2 did not fix and liquidate the damages. The universal rule is, that "The plaintiff must show himself to have sustained damages," and "compensation will only be given for actual loss." Sedgwick on Damages, 200; Id. 210, 211; *Wilson* v. *Martin*, 1 Denio, 605; *Spencer* v. *Halsted*, 1 Denio, 606; *Shannon* v. *Comstock*, 21 Wend. 457; *Chamberlain* v. *M'Callister*, 6 Dana's (Ky.) Rep. 352; *Caldwell* v. *Reed*, Littell's (Ky.) Sel. Cas. 366.

*H. D. Townsend*, for the respondents.

I. The only defence interposed in this case, is a receipt marked Exhibit 2, which, defendant claims, so alters the original contract as to preclude a recovery on the part of the plaintiff. The same must be entirely disregarded, for the following reasons: *First*. The *contract* was made between Catherine Sturtevant and the *defendant*, at her house on Staten Island, July 3, 1856, and was complete. The receipt was signed July 5, when the witness, Mary Sturtevant, went to the store of defendant to notify him that the rooms were ready. *She had no right to make a new contract. Second.* The receipt is not signed by Mrs. Sturtevant— nor shown that she assented to it or ever knew it.

II. The contract was complete—fully complied with, as far as lay in plaintiff's power. The defendant having failed on his part, is liable to pay the full amount, and for the full term contracted. 1 Chitty's Gen. Pr. 81; *Gandell* v. *Pentrige*, 4 Carp. 375; *Payani* v. *Gardolf*, 2 Car. & P. 370; *Fanat* v. *Cash*, 5 Barn. & Adol. 904; *Reed* v. *Boyer*, 4 McCord, 247.

III. When one contracts to employ another for a certain period for a specified consideration, and discharges him without cause before the expiration of the time, he is bound to pay him

the full amount of wages for the whole time. *Costigan* v. *Mohawk RR. Co.*, 2 Denio, 609; Chitty on Cont. (5th Am. ed.) 575 to 581; 1 Chitty's Gen. Pr. 72 to 83; Brown on Actions on Cont. 180–5, 504–5.

By the Court, HILTON, J.—It is quite immaterial, for the purposes of this action, what took place at the interview on July 3d, as it is manifest that Mrs. Sturtevant did not consider herself obligated, by anything then said, to retain the rooms for the defendant. The object in calling on the defendant on July 5th, was, in the language of Miss Sturtevant, who appears throughout to have acted as the agent of her mother; "to bind the bargain." Before this was considered by her as accomplished, and the rooms secured to the defendant, he was required to pay $10. At this time the only agreement was entered into, by which Mrs. Sturtevant and the defendant considered themselves bound. Its terms are clearly expressed in the receipt, and are not liable to be varied by parol evidence. *Wolfe* v. *Myers*, 3 Sand. S. C. Rep. 7; *Niles* v. *Culver*, 8 Barb. S. C. Rep. 205, C. C. By it the defendant secured board for himself and lady with Mrs. Sturtevant, not for any specified time, and the $10 thus paid to bind the bargain was to apply on the first week's board; and, if the board was not taken, the amount paid was to be forfeited. The parties having thus agreed upon a sum in the nature of liquidated damages, that is the extent of the defendant's liability. Sedgwick on Meas. of Damages, 397.

Another reason might be assigned, if it were necessary, for disregarding the interviews between the parties prior to this written contract being entered into. It is the familiar rule of law, that an agreement, consisting of mutual promises, must be obligatory upon both parties to it, or it will bind neither. Chitty on Contracts, 15; *Livingston* v. *Rogers*, 1 Caines, 583; *Tucker* v. *Woods*, 12 John. 190; *Keep* v. *Goodrich*, Id. 397; *Efner* v. *Shaw*, 2 Wend. 567; *Lester* v. *Jewett*, 12 Barb. 502. Before July 5th, it was clearly optional with Mrs. Sturtevant, whether she would retain the rooms for the defendant, or not;

and, indeed, it seems she did not consider them taken until the $10, demanded to bind the bargain, was paid. Prior to its payment, there was no obligation upon her part to furnish the defendant with rooms and board; and the alleged agreement upon which a recovery has been had in the court below, was therefore void for want of mutuality. 1 Parsons on Cont. 373.

Judgment reversed.