*J. S. Miller, H. C. Newcomb,* and *J. S. Tarkington,* for the appellant.

---

### SAUNDERS v. HEATON and Another.

An award of arbitrators is not void because on its face it does not purport to be an award.

In a suit upon an award, the question whether a paper filed is, in fact, the award of arbitrators, is matter of averment and proof; and such proof may be made without violating the rule that parol evidence shall not be admitted to contradict or vary a written instrument.

Where the question submitted to arbitrators was the value of work done on a house, and the award showed specifically the work, and attached to each item the value put upon it,—*held,* that the award followed the submission and was sufficient.

And in a suit upon the award, it is no defense to say that it was for more than by a previous agreement was to have been paid for the work, if no such agreement is referred to by the terms of the submission.

A pleading rejected, or a part of one stricken out, is no part of the record, on appeal, unless made so by a bill of exceptions. The clerk cannot make such pleading or part of a pleading a part of the record, by copying it into the record, and referring to it as the pleading or part rejected.

Where no time is specified in the bond for the making of an award, it may be made at any time, and if it be signed by one of the arbitrators and delivered to one of the parties, it may afterwards be signed by the other arbitrator, and it will be good.

May Term,
1859.

SAUNDERS
v.
HEATON.

Monday,
May 23.

APPEAL from the *Randolph* Circuit Court.

WORDEN, J.—Complaint by the appellees against the appellant on an award, and on an account for work and labor.

The first paragraph avers the making of an agreement, by the parties, which agreement is set out, and is as follows, viz.:

" An article of agreement, entered into the 19th day of *October*, 1853, by and between *Amasa Saunders*, of, &c., of the one part, and *J. S. Heaton* and *John P. Teeters*, of, &c., of the other part.   The conditions of the above agreement are as follows, to-wit:   The said *J. S. Heaton* and *John P. Teeters* having done work on a certain house belonging to said *Saunders*, situated, &c., and the said *Saunders* not agreeing with the said *J. S. Heaton* and *John P. Teeters* with respect to the value of the work they have done on said house, have agreed with the said *Heaton* and *Teeters* to leave the valuation of said work to two disinterested men, one to be chosen by said *Saunders*, and one by the said *Heaton* and *Teeters;* and in case the two men chosen should not agree, they, of themselves, and without consulting the wishes of the said *Saunders* and the said *Heaton* and *Teeters*, are to choose a third man to examine said work, place a valuation thereon, and agree or disagree with the first two men chosen, and the said *Amasa ·Saunders* and the said *J. S. Heaton* and *John P. Teeters* further agree that they will abide the decision of said men, be that decision what it may.

" Witness our hands and seals, this 19th day of *October*, 1853.          [Signed]          *Amasa Saunders*, [SEAL.]
                                                    *J. S. Heaton*,          [SEAL.]
                                                    *John P. Teeters*,     [SEAL.]"

The complaint avers that, in compliance with the agreement, the plaintiffs selected one *Jacob Killian*, and the defendant selected one *Nathaniel D. Ferrell*, both disinter-

ested and competent men, to value said work, who proceeded to such examination, and who, in writing, made out their valuation or award (a copy of which is also filed), from which it appears that the arbitrators valued the work at the sum of 370 dollars, 87 cents, of which the defendant had notice; that the defendant has not abided by the decision of said arbitrators in this, that he has wholly failed and refused to pay, &c.

The award is as follows, viz.:

" To 990 feet timber, at 2½ cents,................$24 30
To framing 1490 feet timber, at 6 cents,......... 89 40
To framing 2704 feet of timber, at 1 cent,....... 27 04
To framing 3661 studding, 1 cent, .............. 36 61
To framing 924 rafters, at 1 cent,.............. 9 24
To 2130 feet roofing, at $1 50 per square,....... 31 33
To 203 feet small braces, at 2 cents,........... 4 06
To 100 feet Turkish cornice, at 37½ cents,...... 37 00
To 70 feet center sill, at 2 cents,.............. 1 40
To 2650 feet weatherboarding, at $1 50,......... 39 75
To 2090 feet rough weatherboarding, at 75 cents,. 15 58
To 108 feet corner boards, at 2 cents, .......... 2 16
To 48 window and door frames,................. 60 00

                                              $377 87
A damage of house not being plumb,.......... 7 00

                                              $370 87

        [Signed]              Jacob Killian,
                              Nathaniel D. Ferrell."

The second paragraph was for work and labor, substantially as specified in the above award.

To the first paragraph a demurrer was filed, which was overruled, and the defendant filed an answer of nine paragraphs, a part of the eighth of which was stricken out, a demurrer sustained to the seventh, and the others led to issues of fact. Trial by the Court, finding for the plaintiffs for the sum of 180 dollars, 64 cents, and judgment on the finding, a motion for a new trial being overruled.

The errors assigned are—

1. Overruling the demurrer to the first paragraph of the complaint.

2. Sustaining the demurrer to the seventh paragraph of the answer.

3. Setting aside portions of the eighth paragraph of the answer.

4. In admitting in evidence the above award, as an award.

5. In finding and rendering judgment for the appellees.

Several causes of demurrer to the first paragraph of the complaint are assigned; but as the only one discussed in the brief of counsel relates to the validity of the award, we shall examine no others in detail. The other causes of demurrer point out omissions which would probably be sufficient cause for setting aside a statutory award where the submission is to be made a rule of Court, but can have no influence upon a common-law arbitration and award, as was the case here. *Titus* v. *Scantling*, 4 Blackf. 89.

It is objected that the award is void for uncertainty.

The award, on its face, does not indicate that it is an award, but otherwise it appears to be sufficiently explicit. It sets forth the work, and the value put upon it by the arbitrators, with a good deal of particularity; and a party knowing what was submitted to them, and that the paper in question was the award of the arbitrators, would know from it, at once, what was intended by them.

We are of opinion that the award is not void because, on its face, it does not purport to be an award, or, in other words, because the arbitrators did not set forth in the award that the paper in question was their award in the premises. If the paper filed was in fact the award of the arbitrators, that is a matter of averment and proof. The fact that the paper in question was the award of the arbitrators, could be proven without at all violating the rule that parol evidence shall not be admitted to contradict or vary a written instrument. Such evidence only applies the instrument to the subject to which it relates, and is admissible. 1 Greenl. Ev., § 286, *et seq.*—*Harris* v. *Doe ex dem. Barnett*, 4 Blackf. 369.

May Term,
1859.

SAUNDERS.
v.
HEATON.

Besides, the current of authorities establishes the proposition, that although an award be uncertain on its face, yet if certainty can be obtained by something *dehors*, the objection may be cured by averment. *Grier* v. *Grier*, 1 Dall. 173.—*Jackson* v. *Ambler*, 14 Johns. 96.—*McKinstry* v. *Solomons*, 2 *id.* 57.—13 *id.* 27.—*Case* v. *Ferris*, 2 Hill, 75.—*Butler* v. *The Mayor of New York*, 1 Hill, 489. Such is also the *English* doctrine. In 1 Steph. *Nisi Prius*, p. 114, it is said that, "in fact, a *prima facie* uncertainty, or want of conclusiveness in an award, does not vitiate it, if it be capable of being rendered certain or conclusive; and the award may be good or bad according to the event." Applying this principle to the award in this case, it seems to be sufficient. On the face of it, it is uncertain whether it is intended to be an award or not; but it is substantially averred in the complaint to be such, and we think this is sufficient, in testing the validity of the complaint.

Other cases might be cited that would sustain the validity of the award. In *Ott and Becker* v. *Schroeppel*, 1 Seld. 482, it is said that "Any form of words which amount to a decision of the question submitted is good as an award. No technical expressions are necessary, nor any introductory recitals."

In *Matson* v. *Trower*, 21 E. C. L. 371, the following award was held good, viz.: "I am of opinion that Messrs. *Matson & Co.* are entitled to claim of Messrs. *Trower & Co.* £134 for non-performance of their contract for fifty puncheons of brandy."

In *Hawkins* v. *Calclough*, 1 Burrows, 274, it was said by Lord MANSFIELD that "Awards are now considered with greater latitude than formerly. And it is right that they should be liberally construed, because they are made by the judges of the parties' own choosing."

In *Spear* v. *Hooper*, 22 Pick. 144, PARKER, C. J., remarked that "Strict technical objections are not to be favored. No precise form is necessary; it is to be construed liberally; and the main consideration for the Court is, to ascertain whether the matter submitted has been

substantially considered and finally passed upon by the arbitrators."

Viewing the paper in question as being the award of the arbitrators in the premises, we are of opinion that it is sufficient in other respects. The question submitted to them was the value of the work done by the plaintiffs on the house of the defendant. They have set forth specifically the work, and attached to each item the value put upon it by them. In the language of the Court, in the case of *Butler* v. *The Mayor of New York, supra*, "If it be expressed in such language that plain men, acquainted with the subject-matter can understand it, that is enough, no matter how short and eliptical."

In the case of *Efner* v. *Shaw*, 2 Wend. 567, a case very similar to the present, it. was held that a promise to pay will be implied from an agreement of the parties to abide by the decision of the persons chosen to appraise the value of work done by one party for the other.

There was no error in overruling the demurrer to the complaint.

The seventh paragraph of the defendant's answer avers that the work mentioned, &c., was done under a special contract whereby the plaintiffs were to build the house, and finish and complete it in a good workmanlike manner, for the sum of 390 dollars; wherefore it became the duty of the arbitrators in valuing the work done by the plaintiffs on the house, to estimate the whole work at the price fixed by the said contract, and deduct from that the amount requisite to complete the part of the work left unfinished; but the arbitrators mistook their legal duty, and valued the work according to the opinion of said arbitrators, independent of, and without regarding the said special contract, or their duty thereunder, wherefore, &c.

There was no error in sustaining the demurrer to this paragraph of the answer. The thing referred to the arbitrators was "the valuation of the said work," and the arbitrators were to "examine it, and place a valuation thereon," and the parties were to abide by the decision, whatever that might be. The arbitrators have followed the submis-

sion, and have properly discharged their duty in the premises. According to the terms of the submission, the arbitrators were to put a valuation upon the work according to its reasonable worth, and not according to any previous stipulations between the parties. Had the arbitrators pursued the course designated by the answer, the award would probably have been void, as being contrary to the terms of the submission, and beyond the authority of the arbitrators. 1 Steph. *Nisi Prius*, 83.

It does not appear that the arbitrators were informed of the existence of any previous contract between the parties as to the building of the house; nor that they were requested to make the valuation accordingly; but had this been done it would not have availed the defendant, for, by the terms of the submission, no such standard of valuation was contemplated. The arbitrators were not called upon to determine how much the work done would be worth, on the supposition that the whole job was worth 390 dollars, but to "examine the work and place a valuation thereon." By this submission, we think the defendant, as well as the plaintiffs, waived any right to look to any previous contract between them, to ascertain the price or value of the work in controversy. Instead of relying on the contract as to the value of the work, they submitted the question of value to the arbitrators, and agreed to abide the decision, whatever it might be, and by that agreement we think they are bound.

In relation to the ruling of the Court, in striking out certain portions of the eighth paragraph of the answer, the point is made by counsel for the appellees, that no exception was taken. We are of opinion that no valid exception was taken to the ruling on that point, and shall, therefore, not inquire whether or not the matter was properly stricken out. There is no bill of exceptions making the parts rejected a part of the record. A pleading rejected is no part of the record, unless made so by a bill of exceptions. *Chrisman* v. *Melne*, 6 Ind. R. 487. The record states that the Court "set aside so much of the eighth paragraph as is included in brackets," and there are certain words in-

cluded in brackets, in the paragraph, as we find it in the <span>May Term, 1859.</span> record. Now those words included in brackets are a part of the answer, or they are not. If they be deemed a part <span>SAUNDERS v. HEATON.</span> of the answer, the matter stricken out is not shown. If they are no part of the answer because they were stricken out, the clerk could not make them a part of the record by copying them into the paragraph. Hence, there is nothing legally before us to show what was stricken out, and therefore we cannot determine the correctness of the ruling, but must presume it to have been correct.

What we have said disposes of the first three errors assigned. The fourth relates to the evidence.

On the trial, it appeared that the arbitrators, *Jacob Killian* and *Nathaniel D. Ferrell,* having been chosen and called upon by the parties, proceeded to examine the work, as exhibited to them by the parties, and to fix their valuation upon the same, and they made out their award as set out in the complaint. The parties were present, and one of the arbitrators inquired to whom the award should be given, and *Saunders* replied that it made no difference, and the award was handed to *Teeters.* The award does not appear to have been signed by the arbitrators, at that time, at least not by both of them, but it was afterwards, and within two or three weeks, signed by them both. On the award being offered in evidence, the defendant objected, because "it was not an 'award, as it appeared upon its face, and that without explanation and extrinsic evidence. it could not be known to be an award, made under the submission made by the parties; and because it was not signed by the referees until long after it was delivered by them," but the objection was overruled, and exception taken.

What we have said in reference to the award, in discussing the validity of the complaint, disposes of the first branch of the objection, and we shall add nothing further on that point except the observation that the proof abundantly showed that the paper was intended by the arbitrators to be their award in the premises, and was, in fact, their award.

It is insisted that as the award was not signed by the arbitrators at the time it was delivered to one of the parties, it could not be afterwards signed so as to make it valid; and the cases of *The Indiana Central Railway Co.* v. *Bradley*, 7 Ind. R. 49, and *The Jeffersonville Railroad Co.* v. *Mounts*, *id.* 669, are relied upon to sustain this position. Those cases involve statutory proceedings where the arbitrators or referees are required to return their proceedings into Court, and it is held that when they have done so their authority is at an end. But it is not perceived how that principle would affect the case at bar. Where no time is specified in the bond for the making of an award, as in the case at bar, it may be made at any time, and will be good. *Nichols* v. *The Rensselaer, &c., Insurance Co.*, 22 Wend. 125. If at the time the paper was delivered to *Teeters*, it was altogether invalid, and no award at all, because not signed, the power and authority of the arbitrators were not thereby terminated. The authority still continued in them to attach their names to the paper and thereby make it their award. Until that was done they had made no award, nor had they executed the authority vested in them so as to terminate their functions.

We think there was no error in the ruling of the Court in this respect.

The last error assigned presents no question for our consideration. *King* v. *Wilkins*, 10 Ind. R. 216. We may remark, however, that had the refusal of the Court to grant a new trial been assigned for error, it would not have availed, as upon looking into the evidence we see no cause to disturb the finding.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. Smith*, *M. Way*, and *B. McClelland*, for the appellant (1).

*W. A. Peelle* and *T. M. Browne*, for the appellees.

(1) Counsel for the appellant cited the following authorities:

1. The award should have been made with reference to the special contract. *McKinney* v. *Springer*, 3 Ind. R. 59.—*Claypool* v. *Miller*, 4 Blackf. 163.—*Ran-*

*dall* v. *Randall,* 7 East. 81.—*McMahon* v. *The Cin. and Chic. Railroad Co.,* 5 Ind. R. 413.

2. There was no valid award. McDonald's Treat. 306.—*Crosbie* v. *Holmes,* 3 Dowl. and Lowndes, 566.—*Hays* v. *Hays,* 2 Ind. R. 28.—*Parker* v. *Eggleston,* 5 Blackf. 128.—*Lock* v. *Villiarry,* 27 E. C. L. 135.

3. The award, to be good, should be good as a judgment, and good without averment. 1 Bac. Abr., tit. Arb., E, 2—p. 331, Bouv. ed.

4. The power of the arbitrators terminated before the award was signed. *The Jeffersonville Railroad Co.* v. *Mounts,* 7 Ind. R. 669.—*The Ind. Cent. Railway Co.* v. *Bradley, id.* 49.

May Term, 1859.