SEAY *vs.* GREENWOOD.

1. An action on the case lies to recover the damages actually sustained by the wrongful suing out of an attachment; and if the attachment was sued out maliciously as well as wrongfully, vindictive damages may also be recovered, without, in either case, waiting for the determination of the attachment suit.

2. The costs of the justice's court, before whom the attachment was returnable, are recoverable in case, as part of the damages actually sustained; but where the case is taken by the defendant to the Circuit Court, by appeal, where he files his pleas, and afterwards withdraws them, for a valuable consideration paid him by the plaintiff, and suffers judgment by *nil dicit,* he cannot recover the costs of the Circuit Court.

3. Reasonable and necessary counsel fees expended in the defence of the attachment suit, are recoverable in case for the wrongful suing out of the writ.

ERROR to the Circuit Court of Barbour.

Tried before the Hon. JOHN D. PHELAN.

This was an action on the case, by Greenwood against Seay, to recover damages for the wrongful and vexatious suing out of sundry attachments by Seay against Greenwood. On the trial it was proved, that the attachments were all returnable before a justice of the peace; that Greenwood defended the suits before the justice, and judgments having been rendered against him, he took the cases by appeal to the Circuit Court, and there filed his pleas, which he afterwards withdrew, and suffered judgment by *nil dicit,* in consideration

that Seay would cancel a certain note against him for one hundred and twenty dollars.

The plaintiff offered evidence to show the amount of costs paid by him on the attachment suits, both before the justice and in the Circuit Court, and also the amount of counsel fees expended by him in the defence of the suits. Each divisible part of this evidence was objected to by the defendant, but his objections were overruled, and he excepted.

The court charged the jury, that, if they believed from the evidence that, at the time the attachments were sued out, Greenwood was not on any ground liable to be attached, then the attachments were wrongful, and they must find for the plaintiff the damages actually sustained, though Seay may have acted *bona fide*, and without malice; and that said costs and fees in the attachment suits, including the costs in the Circuit Court, were a proper item of such actual damages. To this charge the defendant excepted.

The defendant, having offered evidence to show the existence of reasonable and probable cause for suing out the attachments, asked the court to charge the jury, that, if they believed there was such reasonable and probable cause, and no malice on his part, they must find for the defendant; which charge the court refused to give, and charged the jury, that, in such case, they should not give vindictive damages. To this charge, and to the refusal to give the charge requested, the defendant excepted.

The only assignment of error is, "the matters and things stated in the bill of exceptions."

BUFORD & PUGH, for plaintiff in error:

1. The declaration is in case, for the wrongful and malicious suing out of the attachments; while the proof shows, that they were wrongful, but not malicious. Upon this proof, under this declaration, the plaintiff was not entitled to recover. At common law, no action lies for the misuse of legal process, unless the party acted from malice; and the statute was designed to enlarge the common law remedy, by extending it to cases where malice was wanting, though the writ was sued out wrongfully. The suit should have been upon the

bond. Donnell v. Jones, 13 Ala. 501; Garrett & Hill v. Logan, 19 ib. 344; Cox v. Taylor, 10 B. Monroe 21.

2. The costs and attorney's fees in the Circuit Court ought not to have been allowed, as a part of the actual damages. Greenwood's appeal and defence in the Circuit Court was wrongful. The costs and attorney's fees were not the natural, legitimate and proximate consequence of the wrongful act of suing out the attachment. Sedgwick on Damages, 74 to 99; 2 Green. on Ev. 210 § 256; 1 Starkie on Slander, 204; 13 Ala. 501; 17 ib. 167; 16 ib. 765; 19 ib. 344; 19 Johns. 241.

3. The notes sued on were actually due, and ought to have been paid. Judgment in the Circuit Court was suffered to go without resistance. The costs and fees were not occasioned by Seay's wrongful act, but by Greenwood's. 1 Starkie on Slander, 205; 2 Starkie on Ev. 466.

4. If attorney's fees were properly allowable to Greenwood, it was only such fees as were necessary and reasonable. The charge given to the jury does not restrict them to these, but directs them to find for "the fees." The case of Garrett & Hill v. Logan, 19 Ala. 344, is conclusive upon this point.

P. T. SAYRE, contra:

1. The action is properly brought. The party injured could either resort to his action on the bond or bring case. Kirksey v. Jones, 7 Ala. 627.

2. The proof was, that the attachment was issued before the debts were due; defence was unsuccessfully made before the magistrate; appeal was taken to the Circuit Court. The defendant then succeeded in forcing Seay to give up a note which he held against Greenwood. This shows conclusively that Greenwood had a good defence against a portion of the debt, and as he failed to assert it successfully before the magistrate, he was right to take it to a higher tribunal. If Seay would have agreed to settle the case in the magistrate's court, as he afterwards did in the Circuit Court, the inference is that Greenwood would have been satisfied. His refusal to do so justified Greenwood in appealing, and as this course was forced upon him by Seay's conduct, and the improper action of

the magistrate in deciding against him, the costs and counsel fees in the Circuit Court were proper charges.

3. The notes were sued on before they became due. The presumption is, that Greenwood would have paid them at maturity if he had not been attached. The jury found that the attachments were wrongful, and Seay must therefore be responsible for all the consequences of his own acts.

4. The first charge of the court was correct. The costs and counsel fees, necessarily growing out of this wrongful act, are recoverable. It does not appear that any objection was made to the reasonableness of the fees proven at the trial. It will be presumed, therefore, that they were reasonable, and if the plaintiff in error desired a more special charge, he ought to have called for it.

5. The proof of the costs and fees paid by Greenwood was proper, as evidence to the jury of the actual damage sustained, and if they were not reasonable and proper, it was for Seay to show it.

6. This court has decided, in several cases, that the existence of reasonable and probable cause was no bar to the recovery of damages actually sustained by the wrongful suing out the attachment. Alexander v. Hutchinson, 9 Ala. 825; Kirksey v. Jones, 7 ib. 622; Donnell v. Jones, 13 ib. 490.

The charge, therefore, was right, which said that this only prevented the recovery of vindictive damages.

GOLDTHWAITE, J.—The first question presented is, as to the right of the plaintiff below to recover in case for the wrongful suing out of an attachment. The fifth section of the act of 1837 (Clay's Dig., 61, § 32) provides, that when any original attachment shall have been wrongfully or vexatiously issued, the defendant therein may, at any time, commence suit against the plaintiff, and recover any damages he may have sustained, or to which he may be entitled on account thereof, whether the suit be ended or not. The legislature evidently intended, by the enactment of this statute, to make the wrongful suing out of the process referred to, of itself, a sufficient cause of action, and in such case authorizes the defendant to recover for the actual damages sustained; and, if

the attachment is sued out maliciously as well as wrongfully, to recover vindictive damages, without in either case waiting for the determination of the suit against him. Such was the construction given to this section of the statute referred to in Kirksey v. Jones, 7 Ala., 622, and we are satisfied that the decision was correct.

As to the evidence in relation to the costs in the magistrate's court, it was properly admitted. The costs in that court were the necessary consequences of the act complained of, and, if the act was wrongful, were properly chargeable to the plaintiff in error. But the evidence as to the court cost upon the appeals taken by the defendant in error should have been excluded. These costs cannot be regarded as the necessary consequence resulting from the suing out of the attachment, and, if recoverable at all, it could only be as special damages, and in that case it would be necessary that the declaration should contain the appropriate averment, (1 Chit. Pl., 195–6; Donnell v. Jones, 13 Ala., 490,) and the allegation that the defendant had expended a large sum of money in the defence of the attachments, does not cover the costs on the appeals. But are these costs recoverable at all? In the assessment of damages the rule is, that the natural and proximate consequences of the act complained of are to be estimated, but not those which are merely contingent, and which the injured party could have avoided, (Loker v. Damon, 17 Pick., 284;) and under the operation of this rule, he would not be permitted to charge his adversary with the costs of an appeal, which he had unnecessarily taken. The statute (Clay's Dig., 315, § 16) has made ample provision for the protection of the appellant, by confiding to the court a discretion as to the imposition of the costs, according to the justice of the case, where the appeal is taken by the defendant, and the recovery of the plaintiff is less than the amount recovered before the justice; and unless such amount is reduced on the appeal, the defendant is properly subjected to the costs, which are then to be regarded as the consequences of his own act. In the present case, it appears that the defendant in error received a consideration for the withdrawal of his pleas, and making no defence upon the appeals; but we do not see that he is thereby placed in any better condition as to the recove-

ry of these costs. He has agreed to, and does abandon the defence, and stands, so far as the judgment is concerned, as if he had none to make. The judgment is conclusive upon that question. Jones v. Kirksey, 10 Ala., 839. The admission, therefore, of the evidence in relation to the costs against the defendant in error upon the appeals, was erroneous, under the circumstances disclosed by the record.

As another trial may be had, it is proper to settle the only remaining question, which is, as to the right of the plaintiff below to recover counsel fees expended in the defence of the attachment. In Marshall v. Betner, 17 Ala., 832, we held, that when malice is the gist of the action, and vindictive damages recoverable, counsel fees reasonably and necessarily incurred might be proved, and considered by the jury in the assessment of the damages; but we see no just or sound reason why the consideration of these expenses, in the estimation of damages by the jury, should be confined to cases of malice. If the wrongful act of another renders the employment of a physician or surgeon necessary, the amount paid for their attendance and services is recoverable from the wrongdoer; but if the injured party is compelled, in order to defend his rights or to protect his property, to employ counsel, is he to recover nothing for such expenses, without proof of malice? We understand the object of an action for a tort to be, the indemnification of the plaintiff for the wrong done, and that in such case the defendant is liable for all the damages which are the natural consequences of the act. 2 Greenlf. Ev., 210. If the defendant in attachment allows judgment to go without defence, under the decision in Jones v. Kirksey, *supra*, it is conclusive evidence against him that the amount recovered was due, and he is thus precluded from showing that no debt existed; while if he employs counsel, and by his aid obtains a verdict showing that no debt was due, for the amount thus expended he is entitled to recover nothing, without proving that the party whose wrongful act forced him to incur these expenses was influenced by malice. The true rule we think is, that in either case the expenses for reasonable and necessary counsel fees are to be regarded as entering into the actual damages, and as such are recoverable. We would not, however, be understood as deciding that

such expenses incurred in the action upon the tort itself, are governed by the rule we have laid down. That question is not presented by the record, and upon it we express no opinion.

The judgment is reversed, and the cause remanded.