## HUDSON *vs.* HOWLETT.

[ACTION ON THE CASE FOR WRONGFUL AND MALICIOUS ATTACHMENT.]

1. *Garbling admission, and waiver of objection.*—When a party has offered in evidence a conversation or admission of his opponent, he cannot afterwards move the exclusion of any portion of it.
2. *When motion to suppress deposition must be made.*—A motion to suppress a deposition, taken without interrogatories and without any cross examination, on account of the insufficiency of the notice, comes too late when made at the trial.
3. *What authorizes recovery for wrongful attachment.*—In an action on the case for the wrongful and malicious suing out of an attachment on the ground that the debtor was about to remove from the State, it is not error in the court to instruct the jury, "that plaintiff was' entitled to recover the actual damage sustained, unless the jury believed from the evidence that he was about to remove from the State at the time the attachment was sued out."

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ROBERT DOUGHERTY.

This action was brought by Edwin M. Howlett against Philip P. Hudson, to recover damages for the wrongful and malicious suing out of an attachment, and was commenced in November, 1852. The attachment was sued out on the ground that the defendant was about to remove from the State, so that the ordinary process of law could not be served on him. The plaintiff read in evidence on the trial the deposition of one Booker, the justice of the peace by whom the attachment was issued, which was taken without interrogatories, both parties being present by their attorneys. This witness testified, on cross examination, "that the recovery of his money was all that the defendant (Hudson) seemed desirous of, *or expressed any wish to deponent to do.*" After the plaintiff had read in evidence the whole deposition, he moved the court to exclude that portion of the above extract which is italicized. The court granted the motion, and the defendant excepted. During the further progress of the trial, the defendant moved to exclude the deposition of one Smith, offered by the plaintiff, on account of the insufficiency of the notice; the deposition being taken without interrogatories, and without any cross examination by the defendant. The court overruled the motion, and the defendant excepted. The court charged the jury, "that the plaintiff was entitled to recover in this action the actual damages sustained, unless they believe from the evidence that he was about to remove from the State at the time the attachment was sued out;" to which charge, also, the defendant excepted. The rulings of the court above stated, to which exceptions were reserved, are now assigned as error.

WM. M. BYRD, for appellant.

J. R. JOHN, *contra.*

STONE, J.—After the plaintiff had read in evidence to the jury the direct and cross examination of the witness Booker, and, among other things, that portion which said, "the recovery of his money was all that the defendant (Hudson) seemed desirous of, or expressed any wish

to deponent to do," it was improper to permit him to withdraw a portion of said statement, and leave the balance before the jury. True, this evidence was not, in the form in which the witness expressed it, a simple admission, or attempt at a reiteration of what Hudson had said. The portion, however, which was excluded was of that character, and such was in substance its effect. It was not permissible for plaintiff to avail himself of a portion of this *quasi* admission, and exclude that portion which he thought would probably make against him, or which might, *perchance*, open the door to further explanation. This question is, in substance, very like the one considered and settled in McLean v. The State, 16 Ala. 672. See, also, Lyde v. Taylor, 17 Ala. 270.

There is another point of view, in which, we think, the error of the ruling in the court below is very manifest. The plaintiff, in reading the entire deposition, put in proof an admission of the defendant. This he had a clear right to do. After proving the defendant's admission against him, it was not for him afterwards to move its exclusion, when possibly, in the shifting phases of the trial, or on more mature reflection, he became convinced the evidence would make against him. Parties cannot thus experiment with testimony, which is, when offered by them, legal.

[2.] The deposition of the witness Smith should not have been suppressed. The motion came too late, and the court did right in overruling it.—McCreary v. Turk, 29 Ala. 244, and authorities cited.

[3.] There is no error in the charge of the court.

The judgment of the circuit court is reversed, and the cause remanded.