# METCALF *vs.* YOUNG.

[ACTION ON THE CASE, FOR WRONGFUL AND VEXATIOUS ATTACHMENT.]

1. *Attachment bond; action on, up to what time damages, paid or unpaid, may be recovered.*—In an action upon an attachment bond, damages to the time of trial may be recovered, and it is immaterial whether the plaintiff has paid them or not.
2. *Same; what not defense to action on, but may be proven in mitigation of vindictive damages.*—Reasonable and probable cause to believe that the grounds on which the attachment was sued out were true, is not a defense to an action for damages on the bond, but may be proven in mitigation of vindictive damages.
3. *Witness; competency of.*—It [is sufficient, if a witness is competent when he is offered.

APPEAL from the Circuit Court of Dale.
Tried before the Hon. H. D. CLAYTON.

THIS was an action brought by D. M. Young, appellee, against John Metcalf, appellant, on the 22d day of September, 1865, to recover damages for the wrongful and vexatious suing out an attachment against appellee, on the ground that he was about to remove out of the State, so that the ordinary process of law could not be served on him. The attachment bond was conditioned to pay the "defendant in attachment all the damages which he may sustain by the wrongful suing out of this attachment."

The complaint avers, among other things, "that plaintiff has been greatly damaged by having his property, worth two thousand dollars, taken out of his possession; also, by being put to a great deal of trouble, inconvenience, and expense, in defending said suit, to-wit: the sum of one thousand dollars; and, also, by being run to great cost, viz: the sum of three hundred dollars; and, also, by having his credit impaired, his feelings wounded and harassed, and also by being compelled to bring this suit, and to employ and pay attorneys for prosecuting the same; all of which damages amount to two thousand dollars, for which he sues," &c.

The case was tried at the spring term, 1868, and resulted in a verdict and judgment for the plaintiff for $351 as his damages, besides costs of suit.

On the trial, the appellant reserved a bill of exceptions; so much thereof as is necessary to an understanding of the case, is as follows: "The plaintiff, after proving the issuance and levy of the attachment, on the 20th day of September, 1865, on ten bales of plaintiff's (appellee's) cotton, and his giving a forthcoming bond for the same, &c., then proposed to prove the various items of damages which he had sustained since the commencement of his said suit; to which the defendant objected; and plaintiff was allowed to prove that he had paid attorney's fees for defending said attachment suit, tavern bills, loss of time, and also the amount of costs recovered against him at the present term of the court, on said attachment suit, and which cost had

Metcalf v. Young.

not been paid by the plaintiff; to all of which defendant excepted."

"The defendant proposed to prove that he had probable cause to believe, both from the declarations and acts of the plaintiff, that. he was about to remove out of the State; which the court refused to permit him to do, either as a perfect defense to this action, or in mitigation of damages; to which defendant also excepted."

"The defendant then proved that the plaintiff had said, very shortly before the issuance of the attachment, that he did not expect to plant another grain of corn in Dale county; that plaintiff was a farmer by occupation, and had a small mercantile business in Skipperville, in said county; that he had conditionally contracted to sell his lands, and a part of his corn, fodder, and potatoes, to one Zorn; and, also, that he, defendant, was informed by one Newby, (who was one of the makers of the notes sued on, in the attachment suit,) that the plaintiff said that he was going to move to the State of Missouri; and all this before the suing out of the attachment."

"The plaintiff was then allowed, against defendant's objection, to prove, by his own oath, that he did not intend to remove from the State before the issuance of the attachment, (which had just been disposed of at this term,) and that he was making preparations to remove to Skipperville, to educate his children, and making no preparations to remove out of the county; that he was not subject to attachment under section 2928 of the Revised Code; defendant's objection was based on the ground, that at the commencement of said suit, plaintiff was an incompetent witness, by reason of his interest, and that the rule of evidence could not be changed so as to make an incompetent witness competent after suit brought; which objection was overruled, and plaintiff permitted to testify; and defendant excepted. There was testimony tending to show that the damages sustained by plaintiff by reason of the attachment of defendant, at the time this action was commenced, amounted to a very small sum; that nearly the whole amount of the recovery in this case accrued after the institution of the suit. This was all the evidence."

The defendant asked the court to charge as follows: 1st. That the plaintiff can recover no actual damages, in this action, which he sustained or incurred after the commencement of the action; which charge the court refused to give, but instructed the jury, that the plaintiff was entitled to recover all such damages and costs as had accrued and had been proven to have grown out of the attachment suit up to the time of the trial.

2d. "The defendant requested the court to charge the jury, that the plaintiff can only recover such actual damages as he proved that he has paid before the final trial of this suit; which the court refused to give, but charged the jury, that the plaintiff was entitled to recover all the damages incurred, including the costs of the attachment suit, even if it was unpaid by plaintiff, if a judgment had been rendered against him for the same."

3d. "The defendant requested the court to charge the jury, that if the defendant had reasonable and probable cause to believe that the grounds upon which said attachment was sued out were true, and derived that information from the acts and declarations of the plaintiff, then the plaintiff can not recover; which the court refused to give, but instructed the jury, that the plaintiff was entitled to recover, unless the defendant showed that the plaintiff was about to remove out of the State, or was subject to attachment by reason of some one of the causes set out in section 2928 of the Revised Code of Alabama."

To all of which refusals of the court to charge as requested, and as also to the charges given, as well as to its several rulings, the defendant duly excepted.

"The charges asked and refused, and the charges given, as well as the rulings of the court upon the proof, to which defendant reserved exceptions," are now assigned as error.

MARTIN & SAYRE, for appellant.—1. The defendant in the court below offered to prove, that he had probable cause to believe that plaintiff (in court below) was about to remove out of the State. The court excluded this evidence. It was admissible, to show that there was no malice.—*Mar-*

*shall v. Betner*, 17 Ala. 838 ; *Yarborough v. Hudson*, 19 Ala. R. 653.

2. Payment of tavern bills are not alleged as special damages in the complaint, and no proof on that subject ought to have been allowed.—*Seay v. Greenwood*, 21 Ala. R. 495.

3. When one, by his acts and declarations, induces action by a third person, he can not recover damages resulting from such action, based on such acts and declarations ; and the charge on that subject ought to have been given. *McCravey v. Remson*, 19 Ala. 436 ; *Stone et al. v. Britton*, 22 Ala. 547. And the charge actually given was erroneous.

J. L. PUGH and W. C. OATES, *contra.*—The bond sued on was to pay the damages wrongfully sustained, not the damages caused by vexatious attachment.

1. The suit must be limited to a recovery only of the damages actually sustained. That the breach assigned is, that the plaintiff was damaged by the vexatious suing out of the attachment, can not prevent a recovery on the breach for wrongful attachment. The breach is broader than the conditions of the bond, but is sufficient to authorize a recovery to the extent of the obligation. Vexation, malice, &c., could not have been proved, and could not have been negatived.—*Dickerson v. Bachelder*, 21 Ala. 699.

2. If tavern bills paid were not recoverable, the defendant's exception was to the whole of the proof of damages, and not confined to that particular item. If any of the items proved were recoverable, an exception to the whole ought not to have been sustained by the court.

3. Proof of probable cause was no defense to the action, the suit being for the recovery, and necessarily confined to the recovery of the actual damages sustained by the wrongful attachment.

4. The doctrine of estoppel can furnish no defense for wrongful attachment. If the appellee made any declarations, they were to third persons ; the proof does not show that they were made to appellant, and hence, ought not to have influenced his action. The fact must exist to authorize an attachment, and the defendant in the attachment can

not be concluded or estopped by any proof which falls short of establishing the ground or fact.

B. F. SAFFOLD, J.—The questions presented for decision in this case are : 1. Can the plaintiff in a suit on the attachment bond, recover actual damage sustained by him, after the commencement of his suit ?  2. Can he recover such actual damage not paid by him at the time of the final tral of his suit ?   3d. Is it reasonable and probable cause, to believe that the grounds upon which the attachment was sued out were true, a defense to an action for damages on the bond ?

The first exception taken by the defendant is directed against the admission of any evidence of damage incurred after the commencement of the suit, and will be disposed of in the consideration of the first question stated above.

The defendant, at any time within three years of the suing out of the attachment against him, before or after the suit is determined, may commence suit on the attachment bond, and may recover such damages as he has actually sustained, if the attachment was wrongfully sued out. If sued out maliciously as well as wrongfully, the jury may, in addition, give vindictive damages.—Revised Code, §§ 2992, 2993 ; McKellar v. Couch, 34 Ala. 336.

That the plaintiff may recover the actual damage sustained by him up to the time of the trial, is manifest.— Hair et al. v. Little et al., 28 Ala. 236 ; Jenkins v. McConnico, Adm'r, 26 Ala. 213 ; Seay v. Greenwood, 21 Ala. 491 ; Ewing v. Blount, 20 Ala. 694.   The right to recover the actual damage incurred, and to commence the suit before the termination of the attachment suit, would, together, force the extension of time to that period.

Whether he has paid the damages sustained by him or not, is not material to the defendant.   They may, or may not be such as can be compensated with money.   It is sufficient for the defendant that he has imposed them.

The existence of reasonable and probable cause to believe the grounds upon which the attachment was sued out were true, is no defense to the action ; though it may serve to mitigate vindictive damages.—Hudson v. Howlet, 32 Ala.

478 ; *Donnell v. Jones et al.,* 13 Ala. 490 ; *Alexander v. Hutchinson,* 9 Ala. 825. As vindictive damages might have been recovered under the declaration, it would have been error to have excluded testimony tending to show that the defendant had probable cause to believe the plaintiff was intending to remove from the State. The record shows that such testimony was offered and excluded, and that it was subsequently admitted.

The objection to the competency of the plaintiff as a witness is untenable. If a witness is competent when he is called, it is sufficient.—*Talladega Ins. Co. v. Landers,* January term, 1869.

Judgment affirmed.