# Burton *v.* Smith.

### *Action on Attachment Bond.*

1. *Evidence of plaintiff's pecuniary condition when attachment was sued out.* — When an attachment is sued out on the ground that the debtor has money, property, or effects liable to satisfy his debts, which he fraudulently withholds, it is permissible for him to prove, in a subsequent action on the attachment bond, that " at the time the attachment was sued out, he was a man of large means and had a large amount of property about him and under his control, claiming it openly and notoriously as his own."

2. *Attorney's fees as damages.* — Attorney's fees for services in the action on the attachment bond, when specially claimed in the complaint as a part of the damages, are recoverable.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. L. B. STRANGE.

J. J. ROBINSON, for appellants. — 1. Evidence of the plaintiff's pecuniary circumstances was irrelevant. *Goldsmith, Forcheimer & Co.* v. *Picard*, 27 Ala. 142.

2. Counsel fees in this suit constitute no part of the plaintiff's damages. Sedgwick on Damages, 99 ; 21 Pick. 378 ; 2 Metc. 229 ; 23 Wendell, 425. They are more remote than counsel fees on appeal in the original attachment suit, which cannot be recovered. *Ferguson & Scott* v. *Baber's Adm'rs*, 24 Ala. 402.

W. H. BARNES, *contra.* — 1. The evidence which was objected to negatived the ground on which the attachment was sued out.

2. The question of counsel fees as damages is, in effect, decided by the case of *Metcalf* v. *Young*, 43 Ala. 643.

B. F. SAFFOLD, J. — The suit was for damages, on an attachment bond. The attachment was procured on an affidavit alleging that the plaintiff had moneys, property, or effects liable to satisfy his debts, which he fraudulently withheld. The plaintiff was permitted to prove that he " was a man of large means, and had, at the time the attachment was sued out, a large amount of property about him, and under his control, claiming it openly and notoriously as his own." This is the first exception. As the issue was the fraudulent withholding of property, how better could the plaintiff disprove the accusation than by showing a large amount of property in his possession, subject to, and sufficient for, the payment of his debts? The amount, description, value, &c., of his property, were matters of proper, if not indispensable, inquiry. There was no error in the admission of the testimony.

2. The court also admitted evidence of the value of the plaintiff's counsel fees in this case, as part of the damages to be recovered. They were specially claimed in the complaint. Such fees, incurred in defending the attachment suit, are recoverable as actual damages, and all damages to the time of trial are recoverable. *Seavy* v. *Greenwood*, 21 Ala. 491; *Metcalf* v. *Young*, 43 Ala. 643. If the plaintiff is entitled to damages, and cannot obtain them without suit, the expense of prosecuting it does not seem to stand on worse ground than that attending the attachment suit. Both grow out of the same wrongful act of the defendant, who ought to make full restitution. We see no error in admitting the evidence.

The judgment is affirmed.