# Mills *v.* Long *et al.*

## *Action on Detinue Bond.*

1. *Breach of detinue bond; what fees of counsel not recoverable.*—Fees of counsel employed to prosecute an action for breach of condition of bond given by plaintiff in detinue, are not recoverable as part of the damages the defendant may have sustained from the wrongful suit.

2. *Resisting new trial; when counsel fees recoverable.*—An application for a new trial in the original suit is a mere continuation of such suit—necessarily incident thereto—and counsel fees for resisting such application are, therefore, recoverable.

3. *Statute requiring non-suit; extent of. Term "moneyed demand"; embraces what.*—The statute (R. C. § 2678) requiring a non-suit against the plaintiff recovering less than fifty dollars unless he makes the prescribed affidavit, extends to every suit on a "moneyed demand"—which term embraces every demand arising out of contracts, express or implied, which, from their nature, enable the plaintiff to make affidavit that the amount sued for is actually due.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN K. HENRY.

This was an action brought by appellant, J. L. Mills, against appellees, John F. Long and his sureties, on a detinue bond executed by appellees in a suit in detinue brought by said Long against appellant. The trial of the detinue suit was had at a previous term of said Circuit Court, which

[Mills v. Long et al.]

resulted in a verdict for the defendant (Mills) in that suit.
The plaintiff in said suit applied, within four months, for a
new trial, upon the ground of "fraud, accident or mistake,"
which application was refused by the circuit judge.   On the
trial of this cause the plaintiff (appellee) introduced the
record of the . detinue suit, and also the record of the appli-
cation for a new trial; and there was no objection by defend-
ants.   The plaintiff in this suit then undertook to prove the
damages he sustained on said application for a new trial, but
the court refused to allow such proof and an exception was
reserved.   The plaintiff was allowed to amend his complaint
by adding : "the plaintiff claims by way of special damages
twenty dollars as counsel fees for bringing this suit," and to
the complaint so amended the court sustained a demurrer.
The defendants moved to set aside the judgment on the
ground that "the suit was a "moneyed demand," and the
judgment and verdict were for twenty dollars—an amount less
than the jurisdiction of the court and there was no set off,"
which motion was granted.   The various rulings of the court
are now assigned as error.

JOHN D. GARDNER, for appellants.—1.   The demurrer to
amended complaint should not have been sustained.—See
Burton v. Smith, 49 Ala. 293.
2.   Is a detinue bond a moneyed demand?   Is it not for
the performance of some act or duty?   On this point I cite
Phillips v. Sellars, 42 Ala. 660; Skinner v. Bedell's Adm'r,
32 Ala. 44; King v. Palmer, 34 Ala. 416.

GAMBLE & BOLLING, contra.—The demurrer to the amended
complaint was properly sustained; also the objection to evi-
dence of damages by the new trial.—See Miller v. Gould,
35 Ala. 96; Ferguson et al. v. Barber's Adm'r, 24 Ala. 402.

BRICKELL, C. J.—The demurrer to the amended com-
plaint, is founded on the single ground that fees of counsel
employed to prosecute an action for a breach of the condi-
tion of the bond given by the plaintiff in an action of detinue
are not recoverable as part of the damages the defendant
may have sustained from the wrongful suit.   The condition
of the bond is, that if the plaintiff fail in the suit, he will pay
the defendant all such costs and damages as he may sustain
by the wrongful complaint.   Counsel fees, and other costs
incurred in defense of the action of detinue, it has been held,
are recoverable of the obligors in the bond.   Beyond this it
has been decided their liability does not extend.—Ferguson
v. Barber, 24 Ala. 402.   The costs and counsel fees of collat-

eral proceedings which may or may not grow out of the action, have not been supposed to fall within the condition. Certainly not the costs of a new and independent suit. It is on this ground that it was held in *Ferguson v. Barber, supra,* that counsel fees incurred on an appeal to this court were not recoverable in an action on the bond. There was no error in sustaining the demurrer.

2. The court was in error in instructing the jury that the counsel fees for resisting the application for a new trial were not recoverable. It was a mere continuation of the original suit, a proceeding to which it was necessarily incident, and the costs of it are costs sustained by the wrongful complaint.

3. The statute which requires a non-suit to be entered against a plaintiff recovering less than fifty dollars, unless he makes the prescribed affidavit, extends to every suit on a *moneyed demand.*—R. C. § 2678. This term has been held to embrace all demands arising out of contracts, express or implied, which, from their nature, enable the plaintiff to make affidavit that the amount sued for is actually due.—*King v. Palmer,* 34 Ala. 416. Within the term, the present demand falls.

For the error pointed out the judgment must be reversed and the cause remanded.