[Higgins et al. v. Mansfield.]

# Higgins *et al. v.* Mansfield.

### *Action on Attachment Bond.*

1. *Attachment bond; what damages recoverable on.*—The reasonable amount paid, or promised to be paid to attorneys for defending the attachment suit, and the value of time lost and expenses incurred in attending court for the trial, may be recovered in an action on the bond, for the wrongful or vexatious suing out of the attachment.

2. *Same; what damages too remote, for recovery on.*—Damage resulting from the demoralization of the plaintiff's hands, while he was absent from his farm, and procuring attorneys to defend the suit, or from plaintiff's being compelled to stop a double plow while he was absent, and the like, are too remote, and should not be estimated in fixing the value of plaintiff's services.

3. *Cases approved.*—The cases of *Sims v. Glazener,* 14 Ala. 698, and *Burton v. Holly,* 29 Ala. 319, declare the true rule as to what damages are, and what are not too remote.

APPEAL from Hale Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

This was an action on an attachment bond, commenced by the appellee, Charles H. Mansfield, against the appellants, Alfred W. Higgins and the sureties on the bond. The complaint claimed damages for the mere wrongful suing out of the attachment, and also vindictive damages for its vexatious suing out. The case was tried on the plea of the general issue. The plaintiff was permitted to testify, against the objection and exception of the defendants. 1. That at the time of the suing out and issue of the attachment for the suing out of which this action was instituted, he was engaged in the business of farming, and had a number of laborers employed, and was, at the time mentioned, having his land broken up preparatory to seeding the same. 2. That his son was employed by him on his said farm as a laborer, and was at the time mentioned above, plowing in the farm with a double plow. 3. That by reason of the levy, he and his son lost two days work from said farm. There was evidence that a replevy bond was executed, and that plaintiff's services were worth three dollars a day, and his son's services were worth two dollars and a half a day. 4. That plaintiff lost another day, by having to go to the town of Greensboro and employ counsel to defend the attachment suit. 5. That by reason of his absence during these three days, his laborers were demoralized and quit their work, whereby he was injured about fifty dollars. 6. That he had agreed to pay his

counsel fifty dollars to defend the attachment suit. There was evidence that the attachment suit was defended and resulted in a verdict in favor of the witness. 7. That he and his son each attended the last preceding term of the circuit court as witnesses in said attachment suit, for ten days, and that their services were worth seven dollars and a half a day on the farm. 8. That he had been in attendance on the present term on account of said attachment suit seven days, and that his loss of time during these seven days was worth ten dollars a day, because it was picking time, and his being away from home left his cotton exposed. To each part of this evidence, as the same was offered, and at the time, and in the order as above set out as it was offered, the defendant objected, on the grounds—1. That it was illegal. 2. That the damages testified to were too remote. These objections the court successively overruled, and the defendant duly excepted. There was a verdict and judgment for the plaintiff, and the defendants bring the case here by appeal, assigning the admission of the evidence objected to as error.

GARRETT & WALKER, for appellants.

THOS. SEAY, *contra.*

STONE, J.—In *Herring v. Skaggs*, at the present term, we considered very fully the question, what damages are recoverable in an action for a breach of warranty, and held that only such damages as are the natural and proximate consequence of the act complained of can be recovered. The rule of damages in the present form of action is, in this respect, the same as that above stated.—*Hogan v. Thorington*, 8 Por. 428; *Kornegay v. White*, 10 Ala. 255; *Willis v. Dudley, Ib.* 933; *Donnell v. Jones*, 13 Ala. 490, 509; *Sims v. Glazener*, 14 Ala. 695; *Donnell v. Jones*, 14 Ala. 680; *Marshall v. Betner, Ib.* 832; *Goldsmith v. Picard*, 27 Ala. 142; *Burton v. Holley*, 29 Ala. 318; *Metcalf v. Young*, 43 Ala. 643. The cases of *Sims v. Glazener*, 14 Ala. 698, and *Burton v. Holley*, 29 Ala. 319–20, declare the true rule as to damages that are, and are not, too remote. The circuit court did not err in receiving evidence of counsel fees paid or promised for the defense of the attachment suit, and the reasonable value of such services. Neither was there error in allowing testimony of time lost, and expenses incurred, in attending court for the trial of that cause. The fact, however, that it was then cotton picking time, and the danger of losing cotton by reason of his absence from the cotton field, should not be estimated in fixing the value of his services, nor should the fact that he

took a mule from the plow, exert any influence in the assessment. These were not the natural or proximate consequence of the issue and levy of the attachment. The evidence, numbered 3d, 4th and 5th in the bill of exceptions, was improperly admitted.—Drake on Attachment, section 175, *et seq*.

Reversed and remanded.