# Copeland & Brantley *v.* Cunningham.

### *Action on Attachment Bond.*

1. *Attorney's fees as damages.*—In an action on an attachment bond, conditioned to "prosecute the attachment to effect, and pay the defendant all such damages as he may sustain from the wrongful or vexatious suing out of such attachment" (Code, § 3256), attorney's fees for services rendered in bringing the action can not be recovered. (Overruling *Burton v. Smith*, 49 Ala. 293.)

2. *Demurrer to part of breach.*—In an action on a penal bond, assigning breaches, and specifying the damages which the plaintiff claims by reason of the breach, a demurrer "to that portion of the complaint which claims damages" which are not recoverable, is well taken.

3. *Bond with blank penalty; admissibility of parol evidence.*—An action cannot be maintained on an attachment bond, the penalty of which is left blank; nor can the defect be remedied by parol evidence as to what sum should have been specified.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

This action was brought by John Cunningham, against Copeland & Brantley as partners, to recover damages for the breach of an attachment bond, which the said Copeland & Brantley had executed in an attachment suit instituted by them against said Cunningham. The condition of the bond was, that said Copeland & Brantley "shall prosecute said attachment with effect, and pay the said defendant all such damages as he may sustain by the wrongful or vexatious suing out of said attchment." The bond was dated the 10th day of February, 1875, and the penalty was left blank, the officer by whom it was taken having neglected to insert any amount in the blank form. The complaint alleged, as a breach of this bond, "that said attachment was sued out both wrongfully and vexatiously, and was levied on the property of the plaintiff, to-wit, sixty bushels of corn, to plaintiff's damage one hundred and twenty dollars, wherefor he brings this suit; and plaintiff avers that, by the condition of said bond being broken, he has been damaged in a large amount—to-wit: the sum of twenty dollars, in loss of time; the sum of twenty-five dollars, loss and injury to his property; the sum of twenty-five dollars, attorney's fees in bringing this suit; and the sum of twenty-five dollars, costs in said attachment suit." Other breaches were assigned, claiming damages to plaintiff's credit and business, &c. The defendants "demurred in writing to the complaint, as follows: to that portion which claims counsel fees for bringing this suit, because they are not recoverable in this action, and because the damages for counsel fees in this suit are too remote to be recovered in this action;" which demurrer was overruled by the court. The record does not show what pleas were filed. On the trial, as the bill of exceptions shows, when the plaintiff offered the attachment bond in evidence, the defendant objected to its admission as evidence, "because there was no penalty fixed or specified in the bond, and because there was no approval of the bond by the officer authorized to take it." The court overruled the objections, and admitted the bond as evidence; and afterwards allowed the officer who issued the attachment to testify, "that he had authority to fill up the bond, and ought to have filled it up with the proper amount, which was double the amount sued for—that is, $124.82." No objection was made to this testimony, but an exception was reserved to the admission of the bond; and several other exceptions were reserved to rulings of the court on evidence, and in the refusal of charges asked. The overruling of the demurrer to the complaint, the admis-

sion of the bond as evidence, and the other rulings to which exceptions were reserved, eighteen in all, are now assigned as error.

PARKS & HUBBARD, for appellants, cited *Ferguson & Scott v. Baber*, 24 Ala. 402; 2 Greenl. Ev. § 456; Sedgwick on Damages, 99; 21 Pick. 378; 2 Metc. 229; 23 Wendell, 425; and *Cutter v. Roberts*, decided by the Supreme Court of Nebraska, and cited in Southern Law Journal, May, 1878, p. 269.

OATES & DENT, *contra*, cited *Burton v. Smith*, 49 Ala. 293; *Metcalf v. Young*, 43 Ala. 643; *Seay v. Greenwood*, 21 Ala. 491; *Wilson v. Cantrell*, 19 Ala. 642; *Williamson v. Woolf*, 37 Ala. 298.

STONE, J.—*Burton v. Smith*, 49 Ala. 293, was a suit on an attachment bond; and it was ruled in that case, that the plaintiff was entitled to recover reasonable attorney's fees for bringing the suit on the bond. No authorities holding the same doctrine were cited in support of the ruling. The condition, or defeasance of an attachment bond, is to "prosecute the attachment to effect, and pay the defendant all such damages as he may sustain from the wrongful or vexatious suing out of such attachment."—Code of 1876, § 3256. A suit on such bond is an ordinary suit on a contract, for its breach, and must be governed by the rules applicable to such ordinary suits. The condition of the bond does not provide for the payment of such attorney's fees; and we know of no principle of construction, by which contracts like this can be enlarged beyond their terms. It was the right and privilege of the defendants, appellants here, to pay the damages caused by the wrongful or vexatious suing out of the attachment, and thus prevent a suit. The present action was brought by Cunningham, in his own interest, and to recover moneys which he alleged were wrongfully withheld from him. We have no statute, or principle of law, which authorizes the recovery of attorney's fees in such an action as this. They are not damages proximately caused by suing out the attachment, and must stand on the same principles as other actions brought for breaches of covenants, or other executory contracts.—*Harbinson v. Harrell*, 19 Ala. 753; *Pounds v. Hamner*, 57 Ala. 342; *Garrett v. Yoe*, 17 Ala. 74; *Miller v. Garrett*, 35 Ala. 96; *Dunn v. Davis*, 37 Ala. 95. The demurrer to this assignment was rightly taken, and should have been sustained.—*Botts v. Bridges*, 4 Por. 274; *Taylor v. Pope*,

[Copeland & Brantley v. Cunningham.]

3 Ala. 190; *Wilson v. Cantrell*, 19 Ala. 642; *Governor v. Wiley*, 14 Ala. 172; *Williamson v. McArthur*, 37 Ala. 298; *Harmon v. Thompson*, 2 How. Miss. 808; *Martin v. Williams*, 13 Johns. 264; *McCay v. Shoots*, 2 Litt. 372; *Domsland v. Thompson*, 2 Blackst. (Sir Wm.) 910.

Other points will arise when this case returns to the court below for another trial. Among them, the fact that the bond is blank in its penalty. The present suit being on the bond, the plaintiff must recover on it, or not at all. He sues on an obligation or promise to pay blank dollars. If this be construed to mean 'dollars' in the plural—more than one—it is wholly indefinite as to the number, and we have nothing by which to determine the sum intended. If it be replied, that the defendants bound themselves to prosecute the action to effect, and to pay all such damages as the defendant might sustain from the wrongful or vexatious suing out of the attachment; the answer is, this is not the obligatory, but the defeasance part of the bond. It was the contingency, on which the obligors were not to pay money, which, but for the condition or defeasance, they had bound themselves by their contract to pay. Now, the contract declared on bound the bondsmen to pay no ascertained sum, and that promise was to be void, if they prosecuted their attachment to effect, &c. We hold, that the bond, which is the foundation of the suit, was a promise to pay nothing, and therefore that it could not be the foundation of a recovery. We will not say an action on the case could not have been maintained.—*Mc-Kellar v. Couch*, 34 Ala. 336. The defect in the bond could not be supplied by oral proof, in an action at law on the bond.—*Garrow v. Carpenter*, 1 Porter, 359; *Hamner v. Cobb*, 2 Stew. & Por. 383; Phil. Ev., Cow. & Hill's notes, 1st ed., 1471–3; *Efner v. Shaw*, 2 Wend. 567; *Sessions v. Barfield*, 2 Bay, 94; *Mead v. Steger*, 5 Por. 498; *Sanford v. Howard*, 29 Ala. 684.

There are other questions, but some of them are not so presented as that we can consider them. The foregoing will furnish a guide for another trial. We overrule the case of *Burton v. Smith, supra.*

Reversed and remanded.