# Drake *v.* Webb, adm'r, &c.

## *Action on Supersedeas Bond.*

1. *Special supersedeas bond; what damages are recoverable.*—On appeal from a decree in chancery, which ordered a fund in court to be distributed equally among five claimants, two of whom claimed the whole fund; a special *supersedeas* bond being required by the chancellor (Code, § 3928), from any claimant who desired to appeal, conditioned to "prosecute the appeal to effect, and pay such costs and damages as the other parties to the cause may sustain by reason of such appeal, if the said decree is affirmed ; the decree being affirmed, and an action at law brought on the bond ; *held*, that the plaintiff was entitled to recover, as damages, interest on his proportionate part of the money in the hands of the register, during the pendency of the appeal, and a reasonable attorney's fee for services rendered on the appeal.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. GEO. H. CRAIG.

This action was brought by James E. Webb, as the administrator of the estate of Lucy Sheppard, deceased, against William H. Drake, John R. Webster, and James W. McCrary; was commenced on the 27th August, 1878 ; and was founded on a penal bond executed by the defendants, dated the 7th March, 1877, payable to Joseph Hodgson, register in chancery at Mobile, and conditioned as follows : "Whereas the above-bounden William H. Drake has this day applied for and obtained an appeal, returnable to the next term of the Supreme Court of Alabama, to supersede and reverse a decree rendered on the 10th day of February, 1877, by the said Chancery Court at Mobile, in the case of *John H. Stone et al. v. Knickerbocker Insurance Company et al.* (being cause No. 3354 on the docket of said Chancery Court), against the said William H. Drake, Knickerbocker Life Insurance Company, *et al.*, at the January term of said court, 1877 : Now, if the said William H. Drake shall prosecute said appeal to effect, and pay such costs and damages as the other parties to the cause may suffer by reason of such appeal, if the decree of the said Chancery Court is affirmed, then this obligation to be null and void," &c. The complaint alleged, as a breach of this bond, that the appeal was not prosecuted to effect, but the decree of said Chancery Court was in all things affirmed by the appellate court, and that said Drake had not paid such damages as the other parties to the cause suffered by reason of such appeal ; and the damages specially claimed by the plaintiff were thus stated : "Plaintiff avers

that he, as such administrator, was a party to said cause in said Chancery Court, and has suffered damages by reason of said appeal, in this: that he was entitled by the decree of said court to the use of one-fifth of $5,881.46, to-wit: the sum of $1,176.29, which was paid into said Chancery Court by said Knickerbocker Life Insurance Company on the 20th February, 1877, and of the use of which he was deprived by the suing out of said appeal and superseding said decree, to-wit, from the 16th day of March, 1877, until the affirmance of said decree by the Supreme Court, to-wit, on the 15th June, 1878; and plaintiff now sues to recover the interest on said sum of $1,176.29, from said 15th March, 1877, to said 15th June, 1878, to-wit, $117.62, as a part of his said damages for the breach of the condition of said bond. And plaintiff avers, further, that he was damaged by the suing out of said appeal, in this, to-wit, in the sum of $100, for attorney's fees incurred and paid in the defense of said appeal in said Supreme Court. All of which damages the said Drake has failed and refused to pay," &c.

In the case in which said chancery decree was rendered, the bill was filed by John H. Stone and others, as creditors of William B. Drake, deceased, against the widow, heirs-at-law, and distributees of said decedent, and against the Knickerbocker Life Insurance Company; and sought to reach and subject to the satisfaction of the complainants' debts the amount due on a policy of insurance for $10,000, which the decedent had effected on his own life, in the Knickerbocker Life Insurance Company, "for the benefit of his wife, Catharine G. Drake, and her children by the assured." The insurance company did not deny its liability, and the claims of the creditors were compromised and paid; but a controversy arose between the several heirs and distributees, as to their respective interests in the residue of the fund, which was $5,881.46. At the time the policy was effected, said William B. Drake had five children living; but only two of them survived him, one of whom was said William H. Drake; and said William H. claimed that he and his only living sister were entitled to the whole of the fund, to the exclusion of the personal representatives of those who died before their father. The chancellor held that each one of the children was entitled to one-fifth of the fund, which was ordered to be paid into court, and he rendered a decree in their favor accordingly; James E. Webb, as the administrator of the estate of Lucy Sheppard, a deceased daughter, being held entitled to one-fifth. The decree also provided: "Any of the parties adjudged to be beneficiaries of the said policy in the Knickerbocker Insurance Company, desiring to appeal from

the decree rendered in this cause, may supersede the distribution of the fund among such beneficiaries, by giving an appeal bond as provided by law, in the sum of $2,000; but such appeal shall not supersede the orders of this court requiring the payment of said fund into court, nor the costs, nor the payment of the amount decreed to the complainants. Such bond shall be payable to the register of this court, and be approved by him, and must be conditioned to pay such costs and damages as the other parties to the cause may suffer by reason of such appeal, if the decree of this court is affirmed." From this decree William H. Drake appealed, and executed the *supersedeas* bond on which this action is founded. The chancellor's decree was affirmed by this court on the 15th June, 1878, but the case has never been reported. The costs of the appeal were afterwards paid by Drake, and the money in the hands of the register was paid to Webb, as directed by the decree; and this action was then brought to recover the damages specially claimed, as above stated.

Under the rulings of the court on the pleadings and evidence, and in the charges given and refused, the plaintiff had a verdict and judgment for $228.50, the aggregate of the two items specially claimed; and these several rulings, to which exceptions were duly reserved by the defendants, are now assigned as error.

THOS. R. ROULHAC, for appellant.

JAS. E. WEBB, *contra.*

STONE, J.—In *Hughes v. Hatchett*, 55 Ala. 539, and in *Steele v. Tutwiler*, at the present term, we considered, to some extent, the question of the proper condition of a *supersedeas* bond in cases of appeal falling within section 3928 of the Code of 1876. The rules we there declared were followed in granting the appeal out of which this action grew. The condition of the present bond is, to "prosecute the appeal to effect, and pay such cost and damages as the other parties to the cause may sustain by reason of such appeal, if the decree of said Chancery Court is affirmed." The chancellor had directed the amount and condition of the appeal bond, as required by the statute. The chancery decree appealed from, ordered the fund in litigation to be placed in the hands of the register, and a certain part of it to be paid to Webb, the plaintiff in this suit. In consequence of the appeal and *supersedeas*, that fund lay idle and unproductive in the hands of the register, until the decree of the chancellor was affirmed in this court; a delay of fifteen months. It was admitted,

[Drake v. Webb, adm'r, &c.]

on the trial of this case, that a reasonable attorney's fee for defending against said appeal in this court is one hundred dollars. The recovery in this case is the sum of the interest which accrued on the fund ordered to be paid to Webb, while its payment was suspended by the *supersedeas*, and the attorney's fees for defending against the appeal. It seems to us that these damages are the direct, immediate, proximate result of the appeal and *supersedeas*, and that they fall directly within the purview of the bond. These are damages caused by the appeal, and the decree of the Chancery Court was affirmed in this court.

It is contended for appellant, that the condition of the *supersedeas* bond required in this case, and the recovery upon it, are violative of the statute which declares, that an appeal lies to the Supreme Court, as matter of right, from any final judgment or decree of the Chancery, Circuit or Probate Court, &c.—Code of 1876, § 3916. The appellate jurisdiction of this court is defined in article 6, section 2, of the constitution, in the following language : " Except in cases otherwise directed in the constitution, the Supreme Court shall have appellate jurisdiction only, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law." The legislature, then, may regulate this right of appeal, and, to some extent, may restrict it. One regulation, imposed by the legislature, is, that in all appeals in civil causes, with exceptions in favor of certain persons unable to give bonds, the appellant must give security for the costs of appeal.—Code, § 3950. Security for costs does not supersede the judgment. Sections 3927 and 3928 of the Code declare in what manner *supersedeas* of judgments may be obtained, when appeals are taken to this court. The first of the named sections provides for money judgments, the collection of which is suspended by the *supersedeas* bond. When the judgment is affirmed, on appeal taken under this section, the law declares what the judgment shall be. The surety, by the judgment of this court, becomes bound with the appellant for the amount of the judgment the *supersedeas* bond suspended. This is within the very letter of his bond, which binds him "to satisfy such judgment as the Supreme Court may render in the premises." It also binds him to pay the statutory damages on affirmance, and the costs of appeal; for these are a part of the judgment rendered by this court. All these results are provided for, by the very terms of the statute, which prescribes the measure of liability and recovery.

When, however, the decree or judgment is for something other than the payment of money, then the bond provided

for by section 3927 is not in the condition to meet the wants of the case, if a *supersedeas* is desired. In such cases, this court can not render a judgment, binding the surety to obey or perform the judgment or decree, or to pay any damages on the affirmance. The judgment or decree furnishes no criterion or standard for the imposition of damages; and the statutes have not authorized this court to adjudge damages in such a case. The most we can do is to affirm, and adjudge costs of appeal; the latter against the appellant and his surety. Hence, in such cases, there is a necessity that the *supersedeas* bond shall contain other conditions, varied according to the nature of the judgment or decree appealed from. The judge or chancellor presiding, or the register, must fix the amount and condition of the appeal bond in these cases.—Code, § 3928. Both the amount and the condition should be adapted to the nature of the decree or judgment appealed from, and the damages which may result from the suspension. The appellee should be made secure, but no unreasonable terms should be exacted.

We find nothing in the condition of the present bond which we consider unreasonable. The damages imposed are not a tax, or clog, placed on the appellant's right of appeal. That he could have had without a *supersedeas* bond, on giving security for costs of appeal. Such security for costs would have imposed on his surety no other liability than to pay the costs of appeal, if unsuccessful. This is a mere regulation of the right of appeal, for the security of the officers of court. But, when an aggrieved suitor desires to go further, and suspend the execution of a judgment or decree rendered against him, this is not simply a question of the right of appeal. It goes much beyond that. Very great damage may result from the appeal and the suspension. The condition of a bond, entailing these consequences, should be so adjusted and prescribed, as to secure the appellee against all loss or damage that may result proximately from the appeal and *supersedeas.* Attorney's fees are proximate damages, cast on the appellee by the appeal, and are, therefore, within the condition of the bond. We are not able to distinguish, in principle, between this question and the kindred one which arises in suits on injunction and detinue bonds.

The case of *Jenkins v. Hay,* 28 Md. 547, was very like this, in every material feature. The court said: "Under this bond, the plaintiffs are not confined to the recovery of costs in the appellate court, and loss of interest, but may recover for any further loss or injury which they can show proceeded from the suspension of the decree, caused by the filing of the

[Memphis &ar Chleston R. R. Co. v. Maples.]

bond." On the question of the right to recover attorney's fees, see *Ferguson v. Baber*, 24 Ala. 402; *Burton v. Smith*, 49 Ala. 293; *Seay v. Greenwood*, 21 Ala. 491; *Metcalf v. Young*, 43 Ala. 643; *Mills v. Long*, 58 Ala. 458; *Higgins v. Mansfield*, 62 Ala. 267.

We find no error in the record, and the judgment of the Circuit Court is affirmed.