Finding no error in the record, the judgment is affirmed.

LONG, C. J., and REEVES, J., concur.

---

[No. 291.  January Term, 1889.]

## THE TERRITORY OF NEW MEXICO EX REL. SIMON LEYSER, APPELLEE, v. RINDSKOPF BROS. & COMPANY ET AL., APPELLANTS.

DAMAGES—SUIT ON ATTACHMENT BOND—ATTORNEY'S FEES.—In a suit on an attachment bond, reasonable attorney's fees, paid in defending the attachment suit, are recoverable as a part of the damages.

APPEAL, from a judgment in favor of plaintiffs, from the Second Judicial District Court, Socorro County. Affirmed.

The facts are stated in the opinion of the court.

JOSEPH BELL, T. B. CATRON, and JOHN H. KNAEBEL for appellants.

Counsel fees are not recoverable upon an attachment bond. It is well settled they are not recoverable upon an injunction bond. Oelrichs v. Spain, 15 Wall.

211. The same principle applies to the attachment bond.

FISKE & WARREN for appellee.

The amount of attorney's fees paid was part of the actual damages recovered. Rose v. Post, 56 N. Y. 603; Desbrow v. Garcia, 52 N. Y. 654; Holmes v. Weaver, 52 Ala. 516; Alexander v. Jacoby, 23 Ohio, 358; Noble v. Arnold, Id. 264; Wilson v. Root, 43 Ind. 486; Hayden v. Sample, 10 Mo. 215; Kansas City Hotel Co. v. Sauer, 65 Mo. 279; Force v. Phillips, 37 Iowa, 428; Drake on Att. [5 Ed.], sec. 176.

In Oelrichs v. Spain, the item of damages disallowed upon the bond was $1,000 for "counsel fees in the adverse litigation," not confining the allowance to the counsel fees in relation to the injunction. Oelrichs v. Spain, 15 Wall. 227.

The overwhelming weight of authority sustains recovery of reasonable and necessary attorney's fees in actions upon attachment bonds on condition for payment of damages. 1 Sedg. Dam., p. 179, note; Suth. Dam., pp. 141, 142, notes 1, 4; Drake, Att., sec. 176; Wap. Att., pp. 452-454.

The question is whether upon our statutory attachment bond, counsel fees in defense of the attachment, as distinguished from the defense of the suit, are included in the condition to pay damages. The overwhelming weight of authority is in favor of such recovery in the state courts. The territorial district courts are not federal courts, but if they were, there is not federal decision binding them to a different rule. Bein v. Heath, 12 How. 176; Oelrichs v. Spain, 15 Wall. 227; Browning v. Porter, 2 McCrary, 582. These authorities simply hold that attorney's fees paid in defense of the suit are not taxable in injunction cases, but recognize the principle in actions at law upon the

bond, that the condition of the bond must govern; and they are not in conflict with the state decisions, cited in note 4, page 141, Sutherland on Damages, so far as attachment bonds are concerned.

As to counsel fees in injunction cases, see 2 High, Inj. [2 Ed.], p. 1061.

As to counsel fees in suits on attachment bonds, see Drake on Att. [6 Ed.], sec. 176, et seq.; Wap. on Att., p. 452, et seq., and cases cited.

HENDERSON, J.—This is a suit on attachment bond. The plaintiff recovered judgment for $500 damages. The principal question discussed by counsel for appellants is the action of the court in permitting the plaintiff to prove, and the jury to assess, as a portion of the plaintiff's damages, the sum paid attorneys for defending the attachment suit.  In addition to this, in connection with the proofs so offered, they insist that the sum of $500 paid counsel is not reasonable in amount, and that, even if counsel fees may be included in making up an estimate of plaintiff's damages, only a reasonable sum can be allowed.  It is quite clear that, in any event, only necessary services, and a reasonable amount paid, can be permitted.  This, however, was a disputed question of fact, fairly submitted to the jury, and we can not say that the verdict is unsupported, or even against the weight of the evidence.

On the question of allowing attorney's fees as an element of the plaintiff's actual damages sustained in the attachment suit, appellants cite and rely upon Oelrichs v. Spain, 15 Wall. 211.  That was an action upon an injunction bond on the equity side of the court.  The covenants in the injunction bond were in many respects similar to those contained in the attachment bond here, and, as the court sustained an exception to the decree below in that case allowing solicitor's fees, it is contended

SUIT on attachment bond: damages: attorney's fees.

that the analogy is close, and the case at least of strong persuasive force, if not of controlling and binding authority, in this court, as a territorial tribunal.   Justice SWAYNE, in delivering the opinion, said:   ''The point here in question has never been expressly decided by this court, but it is clearly within the meaning of the case last referred to, and we think is substantially determined by that adjudication.   In debt, covenant, and assumpsit, damages are recovered, but counsel fees are never included.   So, in equity cases, where there is no injunction bond, only the taxable costs are allowed to the complainants.   The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the expensa litis to which he may have been subjected.   The parties in this respect are upon a footing of equality.   There is no fixed standard by which the honorarium can be measured.   Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party, there is danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause.''

Some of the reasons given in the foregoing opinion for respecting the item of expense covering amount paid counsel in that case do not apply in a suit at law and trial by jury.   An issue is made and the facts determined in an attachment suit whether the services of counsel were necessary, and the amount paid reasonable, and the expenditure confined to the defense of the single issue made under the attachment writ.   Gross injustice could not be done the plaintiff in the attachment suit.   In an attachment suit, after the levy of the writ the custody of the property changes.

This remedy is aggressive, and ordinarily more directly injurious and damaging than the defensive process of injunction. In attachment proceedings, where the writ is levied upon the personal and movable property of the defendant, he is put in a great peril of injury, and a necessity at once arises for prompt action and professional aid to prevent threatened ruin. In a proceeding by injunction, except in a rare case, where the writ is mandatory in character, the possession of the property does not change from the person in possession to the opposite party, or to that of the law, while in the hands of the officer. Again, ordinarily, the writ, if injunction, is sought and obtained only in aid of some equity for relief contained in the bill. While it is true that the attachment writ serves in some measure relatively the same office to a suit at law a writ of injunction does to a suit in equity, both being auxiliary writs, the same reason does not apply with equal force to confer a right to reimbursement, for the reason above stated. Whether or not the reasons here given do or should mark a substantial legal distinction in the two classes of cases, Oelrichs v. Spain is not a case at law, nor is it founded upon an attachment bond, or on exactly the same covenants.

The action of the court below is supported by both the principal text writers and courts of this country, as the following authorities will show. "The right to recover for reasonable attorney's fees paid or incurred in obtaining a discharge of the attachment rests upon the same principle as other costs and expenses incurred for the same purpose." 2 Suth. Dam. 62; Bass v. Smith, 49 Ala. 293; Northrup v. Garrett, 17 Hun, 497; Seay v. Greenwood, 21 Ala. 491; Swift v. Plessner, 39 Mich. 178; Ah Thaie v. Quan Wan, 3 Cal. 216; Prader v. Grim, 13 Cal. 585; Higgins v. Mansfield, 62 Ala. 267; Rose v. Post, 56 N. Y. 603; Alexander v. Jacoby, 23 Ohio, 358; Wilson v. Root, 43 Ind. 486;

Hayden v. Sample, 10 Mo. 215; Kansas City Hotel Co. v. Sauer, 65 Mo. 279; Force v. Phillips, 37 Iowa, 428; Drake, Att. [6 Ed.], sec. 176, et seq.; Wap. Att. 452.

Our attachment law was copied from that of Missouri. The conditions of the attachment bond having been construed there as sufficient to embrace attorney's fees, carries with it the probable intention on the part of the legislature to adopt the construction placed on the bond there as a statutory obligation. The other exceptions taken on the trial relate to the admission and rejection of evidence. These exceptions are not urged here further than to call our attention to them, and upon inspection we are of the opinion that no error to the prejudice of appellant's rights was committed.

Finding no error, the judgment of the court below will be affirmed; and it is so ordered.

LONG, C. J., and REEVES, J., concur.